# CASES

IN THE

# SUPREME COURT OF ALABAMA.

DECEMBER TERM, 1882.

## Humphreys *v.* Burleson.

*Bill in Equity by Distributee, to correct Errors and Mistakes in Probate · Decree on Settlement of Administrator's Accounts.*

1. *Demurrer; what grounds available on error.*—On appeal from a decree sustaining a demurrer to a bill for want of equity, this court will consider only the causes of demurrer specifically assigned, and will not regard other defects which are amendable; at least, when the bill is not fatally wanting in equity.

2. *Equitable relief against settlements in Probate Court.*—A court of equity has original jurisdiction, independent of statutory provisions, to open settlements of administrations had in the Probate Court; but this jurisdiction, though well established, is sparingly exercised, and the party complaining is required to show, by appropriate pleading, not only that injustice has been done, but also that, by reason of accident, surprise, or the act.or fraud of his adversary, unmixed with negligence on his own part, he could not have prevented that injustice at the time of the settlement.

3. *Same.*—When the statutory jurisdiction of the Chancery Court is invoked, for the correction of errors of law or fact intervening in settlements had in the Probate Court (Code, §§ 3837–39), the errors complained of must be clearly and certainly pointed out, and it must be made to appear, by the averment of distinct facts, that such errors were not attributable to the fault or neglect of the party complaining.

4. *Equitable relief against fraud.*—Fraud vitiates any and every transaction into which it enters, even the most solemn contracts, and the judgments or decrees of courts of the highest jurisdiction; and when a fiduciary relation exists between two persons, which renders it the duty of one to communicate to the other full information of all facts within his knowledge, the failure to do so is a fraud, against which a court of equity will grant relief.

5. *Same, as between distributee and administrator.*—Where an administrator, on filing his accounts for settlement, wrote to his sister, who was a distributee of the estate, and resided in Texas, informing her that her

1

interest in the estate was a specified sum, about one-fifth of its actual value in fact, and inclosing a receipt for that sum, to be signed by her, which would operate as a release, and which was signed and returned to him, and the money paid;. *held*, that this was a fraud, against which a court of equity would grant relief by setting aside the settlement, and that the administrator could not be heard to say that the distributee, in relying on his representations, and failing to appear and contest the settlement, was guilty of negligence or other fault.

APPEAL from the Chancery Court of Morgan.
Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 19th August, 1881, by Mrs. Isabella Humphreys, a married woman residing in Texas, against Dabney A. Burleson, individually, and as the administrator of the estate of Jonathan Burleson, deceased, who was the father of said complainant and defendant; and sought to set aside a settlement of said administrator's accounts, which was made in the Probate Court on the 13th October, 1879, and to correct errors and mistakes which had intervened in said settlement to the prejudice of the complainant. The chancellor sustained a demurrer to the bill, for want of equity, on several grounds specifically assigned, and dismissed it; and his decree is now assigned as error. The material facts are stated in the opinion of the court.

H. A. SHARPE, for appellant.—(1.) If the complainant was not a party to the probate decree, and is not chargeable with notice of it, she is not concluded by the decree, and is not chargeable with any neglect in failing to appear and contest it. Notice of that settlement was not given to her as required by law, and is not effective for any purpose. The day set for the settlement was the 11th August, 1879; and the notice given was of the administrator's "intention" to present his accounts for allowance on the 13th October, 1879. The provisions of the statute must be strictly complied with, to charge a non-resident with constructive notice by publication.—*Cullum v. Branch Bank*, 23 Ala. 797; *Borgia v. Durden*, 41 Ala. 322; *Wright v. Clough*, 17 Ala. 490; *Hartley v. Bloodgood*, 16 Ala. 233; *Butler v. Butler*, 11 Ala. 668; 27 Wisc. 558; 39 Wisc. 313; 10 Nevada, 370; Wade on Notice, § 1030. If the record had shown proper notice, though the recital might be conclusive on a collateral attack, the want of notice might be investigated in equity.—*Dunklin v. Wilson*, 64 Ala. 162; *Givens v. Tidmore*, 8 Ala. 745; *Crofts v. Dexter*, 8 Ala. 767. (2.) Even if the complainant had due and proper notice of the settlement, the allegations of the bill present a case for equitable relief, both on general principles of law, and under the express provisions of the statute.—*Chambers v. Crook*, 42 Ala. 171, and cases cited; *Dunklin v. Wilson*, 64 Ala. 162; *Kennedy v. Ken-*

[Humphreys v. Burleson.]

*nedy*, 2 Ala. 571; *Townsend & Milliken v. Cowles*, 31 Ala. 428; 5 Ala. 596; Bishop on Contracts, § 227. The defendant's misrepresentations, though innocently made, were fraudulent in legal contemplation.—16 Ala. 785; 22 Ala. 501; 9 Ala. 662.

WATTS & SONS, and C. C. HARRIS, *contra*.—The alleged errors and mistakes in the settlement, against which relief is sought, were matters within the cognizance of the Probate Court; and a party to the settlement can not have equitable relief as to these matters, unless the allegations of the bill acquit him of all fault or negligence.—*King v. Smith*, 15 Ala. 264; *Waring v. Lewis*, 53 Ala. 615; *Otis v. Dargan*, 53 Ala. 178. The record shows that the complainant had notice of that settlement, by publication against her as a non-resident; and this was equivalent to actual notice.—*Stabler v. Cook*, 57 Ala. 22. The allegations of the bill are not sufficient to bring the complainant within the strict rule, which requires that he shall negative all fault or negligence on his own part.—*Otis v. Dargan*, and *Waring v. Lewis*, above cited; also, *Bowden v. Perdue*, 59 Ala. 409; *Boswell v. Townsend*, 57 Ala. 308. The bill was fatally defective, because its allegations show that the complainant's husband was a necessary party, and that the other distributees of the estate were also necessary parties.—*High v. Worley*, 32 Ala. 709; *Colbert v. Daniel*, 32 Ala. 314; *Hartley v. Bloodgood*, 16 Ala. 233.

BRICKELL, C. J.—The original bill was filed by the appellant, one of the heirs at law and next of kin of Jonathan Burleson, deceased, to open a settlement of the administration of his estate, had in the Court of Probate, by the appellee as administrator. The bill is directed to the original and general jurisdiction of a court of equity to open settlements had in the Court of Probate, and relieve a party injured by them, when, by accident, or surprise, or by the act or fraud of his adversary, he has been prevented from obtaining a fair and full adjudication of his rights when the settlement was made. And it is also directed to the special jurisdiction conferred by statute on courts of equity, to intervene at the instance of a party injured, for the correction of errors of law or of fact occurring in the settlement of the estates of decedents had in the Court of Probate, when the party complaining is free from fault or neglect. The appellee interposed a demurrer, assigning specially five causes, which really involve but two propositions: The first is, that it is not shown affirmatively that the appellant was, by accident, or surprise, or by the act or fraud of the appellee, prevented from a fair and full adjudication in the Court of Probate; the second is, that it is not affirmatively shown that the

[Humphreys v. Burleson.]

errors in the settlement, of which complaint is made, occurred without the fault or neglect of the appellant. The demurrer was sustained, and from the decree this appeal is taken.

Whether the demurrer ought to have been sustained, on the causes specifically assigned, is the only question which can now be considered, though it may be apparent the bill is in other respects subject to demurrer.—*P. & M. Mut. Ins. Co. v. Selma Savings Bank*, 63 Ala. 585. The husband of the appellant, it may be, as is now argued, ought to have joined with her in the suit; or, it may be, the other heirs at law and next of kin are necessary parties; or the errors averred to have occurred in the settlement, may not be stated with the requisite certainty; these are not now questions for consideration. If in these respects, or either of them, the bill is defective, by amendment, which is matter of right, the defects could have been cured in the Court of Chancery, if attention had been drawn to them. Attention not having been directed to them, it would be unjust to the appellant now to consider them, and affirm a decree rendered upon other causes of demurrer, which, in our judgment, are not well taken. Such is the rule, at least, when the bill is not fatally wanting in equity.

A court of equity has original jurisdiction, independent of statutory provision, to open settlements of administrations had in the Court of Probate. Though well established, the jurisdiction is cautiously and sparingly exercised; and as a condition precedent to its exercise, it must by appropriate pleading be shown, not only that injustice has been done, but that, at the time of the settlement, the party aggrieved could not, in the Court of Probate, have avoided the injustice, because of accident, or surprise, or by reason of the act or fraud of the adverse party, unmixed with fault or negligence on his part. *Otis v. Dargan*, 53 Ala. 178; *Waring v. Lewis, Ib*. 615. To the exercise of the statutory jurisdiction for the correction of errors of law or fact intervening in such settlements, it is also essential that the errors should be clearly and certainly pointed out, and, by the averment of distinct facts, it should be made to appear that such errors are not attributable to the fault or neglect of the party complaining.—*Otis v. Dargan, supra; Boswell v. Townsend*, 57 Ala. 308; *Bowden v. Perdue*, 59 Ala. 409. The maxims of the law, intended to quiet litigation, to silence controversies, to give repose to society, security to titles, and to save individuals from repeated vexation for the same cause, are esteemed of the highest importance in the administration of justice, and courts of equity are as unwilling as courts of law to relax their operation.

But fraud vitiates any and every transaction it may infect; the most solemn contracts, and judgments or decrees of courts

[Humphreys v. Burleson.]

of the highest or most inferior jurisdiction. When a party, by the misrepresentation, by the fraud or deception of his adversary, is lured into security, or is induced to abstain from entering into active litigation, there is no real contestation, no real hearing and adjudication, and the judgment and decree is not in fact what it may on its face purport to be,—the determination and sentence of the court upon the merits of the controversy. By the promises or representations of an adversary, a party may be induced not to attend the sitting of the court; or the true state of the matters involved may be misrepresented or concealed from him, the relations existing between him and his adversary rendering it the duty of the latter to communicate full and truthful information; in these and similar cases, there is, as it is expressed by Judge Story, fraud in the concoction of the judgment or decree, and a court of equity will vacate it, and open the case for a new and fair hearing.—2 Story's Eq. § 1575; Freeman on Judgments, §§ 489–493; Wells' *Res Adjudicata*, § 499; Bigelow on Fraud, 70. The relation existing between these parties, the legal relation—that of trustee and *cestui que trust*—independent of the natural relation of brother and sister, rendered it the duty of the appellee to communicate to the appellant a fair, full, truthful statement of her interest in the estate he was administering. Without such statement, without a full disclosure of every fact necessary to inform the appellant of the value of her interest, he could not enter into any transaction with her, from which he was to derive profit, looking to the extinguishment of her interest, or to his acquisition of it, or to his acquittance of liability for it.—*Ferguson v. Lowry*, 54 Ala. 510; *Malone v. Kelly*, *Ib.* 532.

The application of these principles to the facts in this case, as averred in the bill,—and the truth of the averment the demurrer admits,—is obvious. Having commenced proceedings in the Court of Probate, for a final settlement of his administration, the appellee opens a correspondence with the appellant, his sister, residing in a distant State; inclosing to her a mere general statement, that her interest in the estate is a specific sum of money, which he proposes to pay in a particular way. The proposition is accepted, and he sends a receipt, in terms and in legal effect, a complete extinguishment of her interest, and a full release to him from all liability for it, which he requests shall be signed by the appellant and her husband, and returned to him. It is signed and returned, and he remits them so much money, as he had agreed. The sum stated as the amount of the appellant's interest is not probably a fifth of the real amount. That the appellant knew the falsity of his statement, is not questioned, and can not be questioned in view of the facts stated in the bill. The means of ascertaining the pre-

[Humphreys v. Burleson.]

cise value of the interest of the appellant were in the hands of the appellee, not in her hands, and she had not access to them. There could be but one motive for the misrepresentation, and that must have been the diversion of her attention from the settlement he was proposing to make, the prevention of her interference in the settlement, and the acquisition of her share or interest for a sum wholly disproportionate to its value, or the equivalent of an acquisition, the acquittance of all liability for it. The representation was relied upon by the appellant, and it was very natural for her to rely upon it. It proceeded from her trustee, whose duty it was to give her information upon which she could rely; and it would add to the wickedness of the deception, if he were now permitted to reproach her with fault, negligence, or folly, in trusting and believing him. He invited the trust, and he must keep it inviolate. The trust he invited, the misrepresentation to which confidence was given, absolved the appellant from the duty of examining the accounts filed for settlement, from litigating their correctness, and from presenting her rights and interests to the court for adjudication and determination.

The facts disclose a fraud upon the appellant, which vitiates the settlement, to the same extent that it would have been vitiated if it had been wholly *ex parte*, and without notice. The notice was of no avail, when it was attended with representations, upon which she had the right to rely, that there was no room or reason for controversy—that without it the full measure of her rights would be accorded. It is because of such representations, frauds by which a party obtains unconscionable advantages, that a court of equity is accustomed to annul judgments at law, or the decrees of courts of concurrent jurisdiction, affording a fair opportunity for an adjudication of the rights of parties. Because of fraud in the matter on which the decree or judgment was rendered, the court may not interfere; but, when the fraud lies in an extrinsic and collateral act, by which the judgment or decree is directly obtained, the court will interfere. *U. S. v. Throckmorton*, 98 U. S. 61. There was no *laches* upon the part of the appellant in not litigating in the Court of Probate the matters of which complaint is now made; and whether the bill is regarded as directed to the general, or to the special statutory jurisdiction of the court, the demurrer was not well taken.

The decree must be reversed, a decree here rendered overruling the demurrer, and the cause will be remanded.