(112 So. 117)

## FIDELITY & DEPOSIT CO. OF MARYLAND et al. v. HENDRIX. (6 Div. 749.)

(Supreme Court of Alabama. March 24, 1927.)

1. Executors and administrators ☞516(6)— Bill alleging administrator filed false affidavit, omitting complainant from list of legatees, and concealed her relation to decedent, held sufficient to avoid decree on final settlement for fraud (Code 1923, §§ 5901, 6482).

Bill alleging that administrator, knowing that minor complainant was decedent's heir at law, made false affidavit, omitting complainant's name, in filing names of legatees under Code 1923, § 5901, and fraudulently concealed from probate court complainant's relationship to decedent, and that consequently complainant did not receive anything from estate, and that complainant had no knowledge of proceedings until date when suit was commenced, held sufficient, under section 6482, to avoid decree on final settlement for fraud extrinsic to the trial of the issues.

2. Pleading ☞214(1)—On demurrer, allegations of bill must be taken as true.

On demurrer, allegations of bill must be taken as true.

3. Executors and administrators ☞516(2)— Administrator's failure to charge himself with insurance money collected held ground to avoid decree on final settlement.

Administrator's failure to charge himself in his accounts filed on final settlement of the estate with insurance money collected by him and concealment from probate court that he had collected money was sufficient ground to avoid decree on final settlement, since it is administrator's duty to honestly account for all funds coming into his hands belonging to estate, and his failure to do so is a fraud authorizing intervention of court of equity, if this fraud, unmixed with negligence on complainant's part, enters into rendition of decree.

4. Limitation of actions ☞72(1)—Two-year limitation is not applicable to minor's suit to set aside decree on final settlement for administrator's fraud (Code 1923, §§ 6482, 6483).

Under Code 1923, § 6483, two-year limitation, prescribed by section 6482, does not apply to suit by minor to vacate and annul decree of probate court on final settlement of estate

for administrator's fraud, which induced entry of decree.

**5. Executors and administrators ☞530—Liability of surety on administrator's bond continues after distribution under decree on final settlement, set aside for administrator's fraud.**

Surety on administrator's bond reciting that obligation of bond shall remain in full force, if administrator does not well and truly perform all his duties as administrator, is not absolved from liability when assets of estate have been distributed in accordance with decree of probate court on final settlement, if decree is set aside for administrator's fraud against minor heir and for failure to account for all of assets of estate received.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Ruby Hendrix, by her next friend, L. E. Hendrix, against C. O. Garrard, as administrator of the estate of Julian Hendrix, deceased, the Fidelity & Deposit Company of Maryland, George Hendrix, Eugene Hendrix, Aline Hendrix Hicks, and Margaret Hendrix, to vacate decree of final settlement of the administration rendered by the probate court, etc. From a decree overruling demurrer to the bill, respondents Fidelity & Deposit Company and C. O. Garrard appeal. Affirmed.

Frank S. White & Son, of Birmingham, for appellant Fidelity & Deposit Co.

The liability of the appellant is strictly contractual, and is fixed and defined by the terms of the contract. Evans v. Evans, 200 Ala. 329, 76 So. 95. The decree of the probate court fixed and determined the liability of the appellant; it was discharged by that decree. Evans v. Evans, supra.

William S. Pritchard and John D. Higgins, both of Birmingham, for appellee.

An action against the surety on an administrator's bond is not barred by a settlement and discharge procured by fraud. 24 C. J. 1069. Whenever an administrator fails to exercise reasonable care and diligence in his endeavor to do what the law requires of him, his bond stands as security for any damage resulting from such omission. 24 C. J. 1067. This bill by the minor is well brought and has equity. Code 1907, §§ 3914, 3915, 4835; Presley v. Weakley, 135 Ala. 517, 33 So. 434, 93 Am. St. Rep. 39.

BROWN, J. This bill is filed by the appellee, a minor, suing by her next friend, alleging that she is an heir at law of Julian Hendrix, deceased, against the appellant Garrard, as the administrator of the estate of said Julian Hendrix, the Fidelity & Deposit Company of Maryland, the surety on his bond as administrator, and the other heirs at law, to vacate and annul the decree of the probate court of Jefferson county entered on the final settlement of said estate, to ascertain the amount due the complainant as a distributee of said estate, and for a decree against the administrator and his surety for the sum so ascertained to be due her, and for other relief.

[1] The complainant's theory is that the decree of the probate court was obtained by the administrator through fraud in the management of the proceedings in the probate court, so as to effect a final settlement of the estate without making the complainant a party thereto, and without notice to her. To the end of showing such fraud as would justify the intervention of a court of equity to avoid the decree, the bill avers, in substance, that the administrator, with the knowledge that the complainant was an heir at law of the said Julian Hendrix, deceased, and entitled to a distributive share of his estate, when he filed his accounts for final settlement, in undertaking to comply with the statute which required him to "file a statement, on oath, of the names of the heirs and legatees of such estate, specifying particularly which are under the age of 21 years" (Code of 1923, § 5901), made a false affidavit omitting the name of the complainant, who was then only 12 years of age and had no knowledge of the pendency of the proceedings in the probate court. That said "administrator, for the purpose of perpetrating a fraud upon the probate court of Jefferson county, Ala., knowingly and willfully concealed from the said probate court her relationship to the decedent, as a proximate consequence of which fact the error of fact occurred in the settlement of the estate of said decedent, which error consisted in this, that she was not named as one of the heirs or distributees of said estate in said probate court proceedings, and as a proximate consequence of which said error of fact she was injured in that she did not receive her distributive share or anything from her said brother's estate. That she is a minor of tender years, that she had no notice or knowledge whatever that letters of administration had been taken out upon said estate, or a final decree rendered therein until, to wit, the 7th day of May, 1923, when this proceeding was instituted."

[2] These averments when taken as true, as must be done on demurrer, present a case of fraud extrinsic to the trial of the issues presented to and considered by the court in passing the final settlement, and "constitute a case of fraud in the management of the proceedings in the probate court—to employ the language of the decisions—in the concoction of the decree," unmixed with fault or negligence on the part of the complainant, and are sufficient under the statute to authorize intervention by a court of equity to avoid the decree. Code of 1923, § 6482; Danne v. Stroeker et al.. 210 Ala. 483, 98 So. 79;

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Martinez et al. v. Meyers et. al., 167 Ala. 456, 52 So. 592; Rittenberry v. Wharton, 176 Ala. 390, 58 So. 293; Edmondson v. Jones, 204 Ala. 133, 85 So. 799.

[3, 4] Another ground for avoiding the decree is stated in the bill, to wit, that the administrator collected the sum of $1,800 insurance, money, constituting assets of the estate coming into his hands as administrator, and for which he failed to charge himself in the accounts filed in the probate court on his final settlement, and concealed from the probate court the fact that he had received said sum of money, "and, as a result of said fraud so practiced against complainant and so perpetrated upon the court, an error of fact and law occurred in the final settlement of said estate" to the injury of complainant, of which fact she had no knowledge or notice. It was the duty of the administrator of said estate in the administration of the trust to honestly account for all the funds coming into his hands belonging to the estate, and his failure to do so is a fraud that authorized the intervention of a court of equity, if this fraud, unmixed with fault or negligence on the part of the complainant, was an element entering into the rendition of the decree which resulted in denying to the distributees of the estate their just distributive shares of the estate, and is fraud extrinsic to the issues presented on the trial, in the absence of a motion to charge the administrator with the money so received by him, and brings the case within the statute. Grace v. Perumbo, 202 Ala. 504, 80 So. 792; Rittenberry v. Wharton, supra. The complainant being a minor, the limitation of two years prescribed by section 6482 of the Code does not apply. Code of 1923, § 6483.

[5] The appellant Fidelity & Deposit Company of Maryland, citing as an authority Evans v. Evans, 200 Ala. 329, 76 So. 95, insists that inasmuch as the assets of the estate have been distributed in accordance with the decree of the probate court on final settlement, it, as the surety on the administrator's bond, is absolved from liability, but we are persuaded that this insistence is founded on a misconception of the holding in the Evans Case. The bill in that case was filed by the children of the decedent, born of a lawful wife, and hence the sole heirs at law, against Grace Evans, her children, the issues of an unlawful marriage, and others, the said decedent having married Grace during the lifetime of his former wife without having been divorced from her. After the death of the ancestor of the complainant, Grace, without knowledge of the former marriage, believing that she was the lawful wife and that her children were the lawful heirs, procured herself to be appointed as the administratrix of the estate, and the administration proceeded to a final settlement, in due course, in good faith, and without fraud attending any of the acts of the administratrix. The bill, as last amended and as presented on appeal here, did not seek to avoid the decree of the probate court on final settlement, but treated it as valid, the purpose and scope of that bill being to impress the funds in the hands of the defendant as a trust, and to charge them as trustee in invitum. Under these circumstances, the decree of the probate court being valid and regular, and the funds having been accounted for and paid out by the administratrix, in due course and without fraud, the decree on final settlement and full compliance therewith was a complete answer to further liability on the part of the sureties on the bond of the administratrix.

In the case at bar, the court is asked to annul the decree on final settlement for fraud in its procurement.

The obligation of the surety, as expressed in the bond, is:

"Now, if the said C. O. Garrard shall well and truly perform all the duties which are or may be by law required of him as such administrator, then the above obligation to be void, otherwise to remain in full force."

Under the averments of the bill, the administrator has failed to "well and truly perform all the duties" which were required of him by law, to the injury of the complainant, and, if the proof sustains the averments, the court will set aside and annul the decree on final settlement and will proceed to a proper determination of the administrator's liability to the complainant, and this will determine the extent of the liability of the surety. Presley v. Weakley, 135 Ala. 517, 33 So. 434, 93 Am. St. Rep. 39.

The decree of the circuit court overruling the demurrers to the bill is free from error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.