193 So. 317

JOHNSON et al. v. PUGH et al.

1 Div. 74.

Supreme Court of Alabama.

Jan. 18, 1940.

J. B. Davis and Wm. M. Kelly, both of Tuscaloosa, for appellants.

**14**

Paul S. Jones, of Grove Hill, for appellees.

BROWN, Justice.

■ This appeal is from an interlocutory decretal order of the Circuit Court, sitting in equity, sustaining the defendants' demurrers to the bill. The term "demurrers" is used advisedly. Speaking generally, a demurrer is a single entity and if any one ground of the demurrer is well taken the demurrer is due to be sustained. McDonald et al. v. Pearson, 114 Ala. 630, 21 So. 534. However, the statute recognizes the general demurrer "that there is no equity in the bill" as a separate entity from a demurrer on specific grounds. The general demurrer was re-established in lieu of a motion to dismiss for want of equity, and in considering the bill on such demurrer amendable defects are taken as amended. Code 1923, § 6553; McDuffie et al. v. Lynchburg Shoe Co. et al., 178 Ala. 268, 59 So. 567.

■ But on considering the bill on specific demurrer going to defects in form or substance the averments are construed most strongly against the party complainant. Bernheimer v. Gray, 201 Ala. 462, 78 So. 840; Cannon v. Birmingham Trust & Savings Co., 194 Ala. 469, 69 So. 934.

The bill, in the nature of a bill of review, is filed by Hosie V. Johnson, a minor, by next friend Frank T. Hines and Frank T. Hines as Administrator of Veterans' affairs, against Alfred B. Pugh, L. R. Tucker, S. C. Gordon, R. A. Bumpers, D. P. Cammack, J. Sam Cleiland and J. G. Cunninghame, The United States Fidelity & Guaranty Company, The National Surety Company, Otis O. Bayles and J. H. Williams, as Superintendent of Banks, seeks to remove the pending guardianship of the estate of said minor from the Probate Court to the Circuit Court, in equity, and to review certain orders and decrees of said Probate Court, correct errors of law and fact occurring in the several settlements in respect to said guardianship; compel an accounting by certain of the defendants as guardians, their sureties and alleged confederates, who as the bill alleges in substance and legal effect, through fraudulent connivance have wrongfully converted and dissipated the estate of said complainant, consisting of money paid to some of said defendants as guardians by the United States for complainant as the dependent son of a deceased war veteran under the provisions of the World War Veterans' Act of Congress; said payments have been made monthly through the administrator of Veterans' affairs, using the Probate Court as a vehicle in an attempt to effect and cover said fraud. That the payments have been made monthly and continually for fourteen years through the early infancy of the complainant, who is now sixteen years of age, and has not received one cent of the funds provided by the United States for his support and maintenance.

■ We refrain from stating the allegations of the bill more in detail until proof

is offered to sustain them, and deem it sufficient to say that the allegations of the bill bring the case within the scope and influence of Article 3, Chapter 267 of the Code authorizing a direct attack on the orders and decrees passing the accounts of guardians for errors of law and fact, and support its equity. Code 1923, §§ 6482–6484 ; Edmondson et al. v. Jones, 204 Ala. 133, 85 So. 799; Midgley et al. v. Ralls et al. 234 Ala. 685, 176 So. 799.

The averments of the bill not only show that the Probate Judge, who passed some of the accounts on partial and on final settlement, was related to the guardian and his sureties within the prohibited degree, but that orders and decrees were entered without the appointment of a guardian ad litem to represent the minor. Such orders and decrees are voidable and subject to direct attack. Code 1923, § 8570; Hine v. Hussey, Adm'r, 45 Ala. 496; Jeffersonian Publishing Co. v. Hilliard, 105 Ala. 576, 17 So. 112.

The bill in the nature of a review is authorized by the statute and is a direct attack. Monroe v. Arthur, 126 Ala. 362, 364, 28 So. 476, 85 Am.St.Rep. 36; Fowler v. Fowler et al., 219 Ala. 453, 122 So. 440; Cogburn et al. v. Callier et al., 213 Ala. 46, 104 So. 330.

By the very letter of the statute "a failure to appeal from the decree of the probate court shall not be held to be such fault or neglect as will bar the complainant of the remedy herein provided." Code 1923, § 6482.

And § 6483 gives infants and persons of unsound mind "two years after the termination of their respective disabilities, but in no case to exceed twenty years" to file said bill, and in such proceeding § 6484 authorizes the correction of "errors of law or fact in the settlement of accounts of guardians" under such bill.

Now as to the question of parties. The World War Veterans Act, as amended August 12, 1935, 38 U.S.C.A. § 450, authorizes and empowers the administrator of Veterans affairs to appear by attorney in court and make proper presentation in respect to the administration of the estate of dependents of World War Veterans, who are the beneficiaries of the funds provided for by the Act. Section 5 of our Act 227, Gen.Acts 1936–1937, pp. 270–273, provides: "All guardians of Bureau beneficiaries appointed as such pursuant to the provisions of the Sections 8120, 8121, 8122, 8123, 8124, of the Code of Alabama, 1923, or other provisions of the statutes of Alabama, prior or subsequent to the approval of this act, shall hereafter manage and administer the estates of such beneficiaries in accordance with this Act; *And the Director of the Veterans Bureau or his successor shall be a party in interest in all such cases.*" [Italics supplied.]

The clear purpose and effect of the statute is to constitute the Director of Veterans affairs, the prochein ami of such wards. Unless the acting guardian elects to come in as a party complainant he should be made a party defendant, if for no other purpose to receive and receipt for the proceeds of the decree if the complainant ward is successful in the litigation.

An infant in any case may sue by next friend, and where the interest of the guardian is adverse must so sue. Code 1923, § 5686; Hooks v. Smith, et al. 18 Ala. 338.

The judgment is here that the court erred in sustaining both the general demurrer for want of equity, and the demurrer predicated on specific grounds none of which were well taken. The decree of the Circuit Court is therefore reversed and one here rendered overruling said demurrers. The defendants are allowed twenty days from filing the mandate issued from this court with the register, within which to answer. The cause is remanded to the Circuit Court for an appropriate order removing the administration of the infant ward from the Probate Court to the Circuit Court, in equity, and for further proceedings not inconsistent herewith.

Reversed, rendered and remanded.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.