Appellants claim that the trial court erred in setting aside the decree of the probate court in the final settlement of a guardianship estate. The final settlement of the guardianship was based on the verified joint petition of Dorothy Barnes, one of the appellants and mother of the appellee, and Keith Barnes, appellee and plaintiff below, who was then 21 years of age. The joint petition prayed for final settlement by consent as authorized by Code 1975, § 26-5-12. No appeal was taken from the final settlement decree of probate court within the time allowed by statute.[1]
Within two years after the decree of final settlement, appellee filed this action in the circuit court, which was later amended, claiming that his mother as guardian was guilty of self dealing and had failed to make a proper accounting, and praying that the final settlement and order discharging *Page 1211 
her as guardian be set aside because of fraud, mistake, accident, or surprise on the part of the guardian and lack of fault or neglect on his part. Appellant General Insurance Company of America, surety on the guardian's bond, was made a party defendant.
We initially note that the decree of the probate court is as conclusive as that of any other court. Venable v. Turner,236 Ala. 483, 183 So. 644 (1938). Appellee relies on Code 1975, §12-11-60, to set aside the final settlement. Code 1975, §12-11-60, provides as follows:
 "(a) When any error of law or fact has occurred in the settlement of any estate of a decedent to the injury of any party, without any fault or neglect on his part, such party may correct such error by filing a complaint in the circuit court within two years after the final settlement thereof. The evidence filed in the probate court in relation to such settlement must be received as evidence in the circuit court, with such other evidence as may be adduced. A failure to appeal from the decree of the probate court shall not be held to be such fault or neglect as will bar the plaintiff the remedy herein provided."
Subsection (c) of § 12-11-60 provides that errors of law or fact in the settlement of accounts of guardians may be corrected in the circuit court according to the provisions of subsections (a) and (b).
The issue before the trial court, as stated in the pretrial order, was whether plaintiff/appellee was fraudulently induced to execute the petition for consent settlement of his guardianship and whether he was free from fault or neglect in signing the petition. The trial court indicated that Evans v.Evans, 200 Ala. 329, 76 So. 95 (1917), and Fidelity DepositCo. of Maryland v. Hendrix, 215 Ala. 555, 112 So. 117 (1927), were guiding in its applications of the principles in the case. The Court in Evans provides a history of the statute (Section 3914 of the 1907 Code) which is the forerunner of § 12-11-60.
The circuit court set aside the probate court decree of final settlement and remanded the case to the probate court for an accounting. The order of the circuit court stated:
 "[N]othing in this decree is designed to infer or impute fraud to the Guardian-Mother-Defendant. However, it is unclear in the mind of the Court, from the evidence, as to whether the Plaintiff-Ward knew what he was doing when he executed the consent to settlement and whether he has received the full benefit of the guardianship fund."
The guardian and surety appeal. The issue presented on this appeal is whether the trial court erred in setting aside the final decree of the probate court.
In construing Section 3914, Code 1907, the Court in Evans v.Evans, 200 Ala. 329, 76 So. 95 (1917), noted that the earlier cases construing the section "gave to the statute a highly remedial construction." 200 Ala. at 331, 76 So. at 97. The Court indicated that this construction was changed by decisions holding that "where jurisdiction has attached, the decree of the probate court, within the sphere of that jurisdiction, is as conclusive as that of any other court of general jurisdiction, and that it is aided by the same intendments of law." 200 Ala. at 331, 76 So. at 97. After analyzing various criticisms addressed to the previous interpretations of the statute, the Court concluded that the legislature intended that the statute as amended by the Code of 1886, Section 3536,
 "should accord to a party to the final settlement in the probate court the right to review in chancery the decree, where an error of law or fact has intervened to the injury of any party without fault or neglect on his part, notwithstanding such error was the result of fraud in an extrinsic and collateral act by which the judgment or decree is directly obtained. . . ."
200 Ala. at 332-33, 76 So. at 98-99.
The Evans Court concluded that the scope of the statute was limited: "The statute was thus not permitted (nor was it ever intended) to authorize an appeal from the *Page 1212 
probate court to the chancery court to retry de novo the facts adjudicated by the decree of the probate court."200 Ala. at 334, 76 So. at 100. The Court stated the purpose of the statute, as enunciated in earlier cases, as
 ". . . correcting errors committed in decrees of the probate court, where induced by the respondent, when the complainant was ignorant of the facts on which the decree was predicated, and knew no fact to put him on inquiry, and was himself `without fault or neglect' as that expression has been defined by our courts."
200 Ala. at 334, 76 So. at 100.
The statute has been interpreted as requiring fraud as "an element entering into the rendition of the decree," which results in harm or injury to the complaining party and fraud which is "extrinsic to the issues presented on the trial."Fidelity Deposit Co. of Maryland v. Hendrix, 215 Ala. at 557,112 So. at 118. In considering the authority of the court to set aside a decree of the probate court, this Court inHumphreys v. Burleson, 72 Ala. 1 (1882), stated: "Because of fraud in the matter on which the decree or judgment was rendered, the court may not interfere; but, when the fraud lies in an extrinsic and collateral act, by which the judgment or decree is directly obtained, the court will interfere."72 Ala. at 6.
Under the authorities cited, plaintiff must establishextrinsic fraud, mistake, or accident, that is, fraud in inducing the plaintiff to execute the petition, rather than fraud in the handling of the account.
The facts of the present case are briefly set out as follows. Appellee Keith Barnes was fourteen years old when he was struck by an automobile while delivering newspapers. His claim was settled through an attorney, and a guardianship was established with his mother appointed as guardian. Approximately $17,000 was paid into the guardianship. The guardianship was established on October 15, 1971, and was terminated on October 7, 1975.
Keith Barnes executed a consent petition for settlement on September 26, 1975, at which time he had just turned 21. The petition was signed in the office of the attorney who had handled the settlement. Evidence in the record indicates that Mrs. Barnes was not present at the time appellee signed the petition in the attorney's office. Appellee received approximately $500 after signing the petition. At the time the petition was executed, appellee did not know the exact amount of money that would be turned over to him.
It is clear from the record in this case that the relationship between the mother as guardian and the son as ward was not cordial: the ward made demands on the mother for additional financial support which were not fulfilled; the guardian did not keep accurate records of the guardianship funds and expenditures; and some of the guardianship funds were expended for the benefit of the mother individually. It is equally clear from the record that the son was aware of these expenditures prior to the execution of the joint petition for consent settlement, and that the son, after reaching the age of 21 years, was not forced or coerced in any way to sign the joint petition for consent settlement. At the time of the execution of the petition for settlement, the plaintiff/appellee was working as a manager of a night club, was not living at home and was not dependent upon his mother, and his disabilities of non-age had been removed approximately one year prior to the time he executed the petition.
We do not believe that the facts of this case present an "error of fact or law" as envisioned in § 12-11-60 and the decisions interpreting that provision. First, the plaintiff/appellee testified that his mother said nothing to induce or force him to sign the settlement petition. The record also indicates that the plaintiff knew, at the time he signed the settlement petition, that the guardianship fund had been depleted and that some of the funds had been spent other than for his primary benefit. Finally, the learned trial judge specifically found nothing "to infer or impute fraud to the Guardian/Mother/Defendant." On the contrary, the trial court specifically based its decision upon the finding that it was *Page 1213 
unclear from the evidence whether the plaintiff/appellee knew what he was doing when he executed the consent to settlement and whether he received the full benefit of the guardianship fund. Under the facts, as specifically found by the trial judge, we are compelled to conclude, as a matter of law, that the provisions of Code 1975, § 12-11-60, do not authorize the setting aside of the decree of the probate court in final settlement of this guardianship.
Plaintiff/appellee argues that the guardian's failure to disclose the actual amount remaining in the trust constitutes fraud under Code 1975, § 6-5-102, and that that fraud justifies the trial court's decision to set aside the decree of the probate court. While we recognize the confidentiality of the relationship between guardian and ward, and the duty of the guardian to communicate to the ward every fact within his knowledge concerning settlement of the guardianship, Willis v.Rice, 157 Ala. 252, 259, 48 So. 397, 399 (1908), we do not believe, under the facts of this case, that the failure to so communicate constitutes "fraud" within the meaning of §12-11-60 and the cases interpreting this provision.
In Motley v. Motley, 45 Ala. 555 (1871), the guardian failed to provide an accounting. The Court did not address the issue of whether the guardian's failure to disclose the amount of assets constituted fraud, but instead addressed the fault or neglect on the part of the ward in not requesting an accounting. The Court stated:
 "[I]t is alleged that the guardian did not, at any time, render his ward any account, or make known to him the condition of his estate, or render him any account of receipts and disbursements as his said guardian; and that at the time said receipt was executed, the ward was entirely ignorant of the amount and condition of the assets held by his late guardian, and that he signed said receipt in ignorance of his rights.
 "These allegations are exceedingly loose. They may all be true, and yet not be the fault of the guardian. The ward's ignorance might have been due to his own gross negligence, and not in any wise to the connivance of the guardian. If he chose to act upon insufficient information when better was within his reach, it is his own fault. This does not show bad faith in the guardian. He was not asked to furnish accounts of receipts and disbursements, and it does not appear that he refused any information that was requested of him. His opinion of the amount of his liability was easily corrected, if the ward did not feel content to act upon it. It seems that he was willing to admit more even than the ward was willing to exact."
Motley v. Motley, 45 Ala. 555, 559-560 (1871). "Fault or neglect" in this context was explained in Evans,200 Ala. at 333, 76 So. at 99, quoting from Cawthorn v. Jones, 73 Ala. 82
(1882):
 "`If they had knowledge of facts which should have put a person of ordinary prudence on inquiry, and these facts failed to quicken their diligence into an ascertainment of their rights, or a knowledge of the fraud and errors of which complaint is made, it cannot be said that they are sufficiently free from negligence to be brought within the letter or spirit of the statute.'"
The trial court's order does not specifically address the issue of neglect or fault on the part of plaintiff, but only states that the court was not certain that plaintiff knew what he was doing at the time he executed the settlement petition. Under the facts of this case, we do not believe that the plaintiff was "without any fault or neglect on his part," as is required by § 12-11-60. The record indicates that the plaintiff/appellee had notice of facts which should have, and in fact did, make him believe that he had not received the full benefit of the guardianship fund.
At the time the settlement petition was entered, in October 1975, the aggrieved party was allowed six months following the entry of the order discharging the guardian within which to file an appeal to the circuit court. Title 7, § 776, Code of Alabama 1940, Recomp. 1958. We must decline to *Page 1214 
allow the provisions of § 12-11-60 to prolong the time allowed for an appeal from the decree of the probate court. The remedy afforded by the statute is not a substitute for an appeal otherwise afforded a party in a settlement of a guardianship. Section 12-11-60 was not intended to "furnish a mode of reviewing and revising . . . decrees of the probate court by correcting errors which could and should have been corrected or prevented in the probate court." Williams v. Williams, 202 Ala. 539,540, 81 So. 41, 42 (1919). Plaintiff/appellee asks us, in effect, to treat § 12-11-60 as tantamount to creating a right to appeal beyond the statutory period. This we cannot do. Accordingly, the decree of the trial court is due to be reversed and the case remanded for entry of a decree in accordance with this opinion.
REVERSED AND REMANDED.
FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.
[1] At the time of the final settlement in October 1975, an aggrieved party was allowed six months to appeal to the circuit court. Title 7, § 776, Code of Alabama 1940, Recomp. 1958. The present law allows 42 days to appeal. See Code 1975, §12-22-21.