This is a petition for writ of mandamus to Judge Jack D. Carl of the Jefferson County Circuit Court. The petitioner, Lucy A. Jones, asks this court to require Judge Carl to grant a trial by struck jury in the action filed by her in the circuit court.
The case arose out of the settlement of the estate of Lucy Jones's aunt, Minnie Jones Marsh, who died in 1968 while residing in Jefferson County. At the time of her death Marsh owned an undivided one-fourth interest in 300 acres of land in Marengo County. Marsh's mother, Ida Jones (Mrs. Jones), was named administratrix of the estate by the probate court of Jefferson County. On July 23, 1974, Mrs. Jones filed in that court a petition to sell the Marengo County land for payment of debts. The only debts claimed against the estate were those alleged by Horace Jones, Jr., who was Mrs. Jones's son and Marsh's brother. These alleged debts, totaling $5,751.20, extended back for 23 years. In the petition it was alleged that Lucy Jones was over twenty-one years of age. Actually, she was a minor at the time, having been born January 27, 1954. She was residing in Ohio. No guardian ad litem was appointed for her, nor was service secured upon her. On November 7, 1974, Marsh's interest in the land was bought by her brother, Horace Jones, Jr., for $2,248.80 cash plus credit for the $5,721.20 debt claimed by him against the estate. Lucy Jones received a check for $69.21, dated September 10, 1975, and bearing the legend "Settlement of Estate of Minnie Jones Marsh," but did not realize that her interest in the land had been sold.
The petitioner learned of the sale in July 1981, after the deaths of Mrs. Jones and Horace Jones, Jr.[1] On October 29, 1981, she filed suit in the Circuit Court for Jefferson County, pursuant to Code 1975, § 12-11-60, which provides that a party injured by an error of fact or law occurring in the settlement of an estate may correct such mistake by filing a complaint in the circuit court. Her complaint followed the form of a declaratory judgment action. She claimed the right to have the 1974 settlement set aside and the right to have a trial by jury pursuant to Code 1975, § 43-2-354. The court granted the defendant's motion to strike the jury demand and denied the petitioner's motion to reconsider. The petitioner thereupon amended the complaint to ask for partition of the lands and again asked for a jury trial. The court *Page 711 
struck the amendment and set the case for trial before the court. The petitioner then filed this petition for mandamus, and the court continued the case indefinitely.
Although the petitioner argues the substantive issues of her case, we limit our attention to the single issue of whether mandamus to require a jury trial is appropriate. We hold that it is not, and deny the petition.
The law under which the complaint in this case was filed provides, in pertinent part:
 When any error of law or fact has occurred in the settlement of any estate of a decedent to the injury of any party, without any fault or neglect on his part, such party may correct such error by filing a complaint in the circuit court within two years after the final settlement thereof. The evidence filed in the probate court in relation to such settlement must be received as evidence in the circuit court, with such other evidence as may be adduced. A failure to appeal from the decree of the probate court shall not be held to be such fault or neglect as will bar the plaintiff the remedy herein provided.
Code 1975, § 12-11-60 (a). This statute has appeared in the codes of Alabama, with little alteration, since Code 1852. It has, historically, been a method of providing equitable relief to the aggrieved party. The filing of the complaint constitutes a direct attack on the decree of the probate court. Johnson v.Pugh, 239 Ala. 12, 193 So. 317 (1940). In the early case ofWaldrom v. Waldrom, a suit brought under a predecessor of the statute cited above, this court held:
 A decree of the Probate Court . . . possesses the same dignity, and has the same force and conclusiveness, as the judgment of any court of record. While a court of equity has original jurisdiction to open such settlement, when it is appealed to, and its jurisdiction invoked for such purpose, the same special grounds of equitable interference must be shown, as in case of a judgment at law. — Waring v. Lewis, 53 Ala. 615. A proper and due regard for the peace and interests of society requires strictness and caution in exercising the power to disturb the decrees and judgments of other courts of competent or concurrent jurisdiction, and re-opening controversies, which it is the policy of the law to quiet. . . . To successfully invoke the interposition, it is not sufficient that wrong has been done, but it must be manifest that the wrong occurred because of accident, surprise, fraud, or the act of the opposite party, and without fault or neglect on the part of the party complaining.
Waldrom v. Waldrom, 76 Ala. 285 at 289 (1884).
In equity a party is not entitled, as a matter of right, to a jury to determine issues of fact unless it is so provided by statutory or constitutional provision. In the absence of any such provision, the power and duty to decide all questions of fact and law rest with the court. Meriwether v. Reynolds,289 Ala. 361, 267 So.2d 434 (1972). After the merger of law and equity under the Alabama Rules of Civil Procedure, the Alabama Court of Civil Appeals observed, in deciding that a defendant in an equitable procedure was not entitled to a jury trial:
 Rule 38 (a), ARCP, provides that the "right of trial by jury as declared by the Constitution of Alabama or as given by a statute of this state shall be preserved to the parties inviolate." Section 11, Constitution of Alabama of 1901, states that "the right of trial by jury shall remain inviolate."
 This constitutional guaranty of trial by jury does not extend to causes of action unknown to the common law. City of Mobile v. Gulf Development Co., 277 Ala. 431, 171 So.2d 247 (1965). Further, Rule 38 (a), ARCP, simply preserves the historic right to a jury trial where that right existed at the time of the adoption of the Alabama 1901 Constitution. U-Haul Co. of Alabama v. State, 294 Ala. 330, 316 So.2d 685
(1975). *Page 712 
Shelton v. Shelton, 376 So.2d 740 (Ala.Civ.App. 1979).
The relief provided under § 12-11-60 was unknown to the common law, and the statute itself makes no provision for a trial by jury. The petitioner maintains, however, that Code 1975, § 43-2-354 applies in the present case. That section provides, inter alia, that if a judgment on a claim against an estate is rendered by a probate court,
 either party may, within 30 days after the rendition of such judgment, appeal to the circuit court of the county in which the administration of said estate is pending, and the trial of the validity of said claim in said circuit court shall be de novo, and upon demand of either party, filed in the circuit court within 30 days from the taking of said appeal, shall be tried by a jury.
The petitioner claims that she was denied the right to appeal from the judgment of the probate court by the lack of service upon her and the failure to appoint a guardian ad litem to protect her interests. Therefore, she concludes, she may now, after discovery of the fraud, pursue that right.
We emphasize that the petitioner has filed her complaint pursuant to § 12-11-60. With regard to that statute, this court has recently reviewed the case of Evans v. Evans, 200 Ala. 329,76 So. 95 (1917), and observed:
 The Evans court concluded that the scope of the statute was limited: "The statute was thus not permitted (nor was it ever intended) to authorize an appeal from the probate court to the chancery court to retry de novo the facts adjudicated by the decree of the probate court." 200 Ala. at 334, 76 So. at 100.
General Insurance Company of America v. Barnes,431 So.2d 1210 (Ala. 1983).
The statute is not tantamount to, nor in lieu of, the right of appeal. Williams v. Williams, 202 Ala. 539, 81 So. 41
(1919). The statute does confer the right to correct errors for which relief could not otherwise be obtained. As pointed out inWaldrom v. Waldrom, supra, the errors to be corrected under §12-11-60 must have occurred because of accident, surprise, fraud, or the act of the opposite party, and without fault or neglect on the part of the party complaining. The accident, surprise, fraud, or act of the opposite party must lie in an extrinsic and collateral act, by which the judgment or decree is directly obtained, rather than in the matter on which the decree or judgment was rendered. General Insurance Company ofAmerica v. Barnes, supra; Humphreys v. Burleson, 72 Ala. 1
(1882). Thus, it is clear that an action pursuant to § 12-11-60
is not a substitute for an appeal, and the provisions of §43-2-354 do not apply to it.
The petitioner also relies on Prater v. Stinson, 26 Ala. 456
(1855), and Johnson's Administrator v. Johnson, 33 Ala. 284
(1858), as authority for her claim to a jury trial of right. She claims that her situation is analogous to the ones outlined in those two cases, which were actions of assumpsit. As the action of assumpsit is a common law action, she continues, a jury trial would be proper (Williams v. Shows, 187 Ala. 132,65 So. 839 (1914)), and, therefore, she is entitled to such a trial.
Without going into the two aforementioned cases in detail, we simply point out that there are many facts, both substantive and procedural, which distinguish those cases from the one before us. The petitioner's case is not one of assumpsit, and her reliance upon those cases is misplaced.
Next, the petitioner contends that, since her complaint follows the form of a declaratory judgment, she should be able to have a jury to decide issues of fact triable to a jury in common law actions. See, e.g., Engineers of the South, Inc. v.Goodwin, 366 So.2d 673 (Ala. 1978). She correctly points out that § 12-11-60 does not specify a particular form of action to be followed in filing the complaint.
We find that, whatever form a plaintiff chooses to adopt in filing a complaint pursuant to § 12-11-60, the action commenced is one for the correction of *Page 713 
error in the settlement of an estate in the probate court. It is not necessary under our rules of procedure to designate in a pleading the nature of a procedure. Rule 10 (a), A.R.Civ.P., requires only "a designation as in Rule 7 (a)," that is, whether the pleading is a complaint, answer, etc. Even that designation, if incorrect, will generally not result in a penalty against the pleader. See Committee Comments, Rule 7; see also Rule 8 (c). Thus, the fact that the petitioner labeled her complaint as one for a declaratory judgment does not prevent the circuit court and this court from treating it as any other complaint pursuant to § 12-11-60, which does not provide for a trial by jury.
After her initial demand for a jury trial was stricken by the trial court, the petitioner amended her complaint to request a partition of the contested property, and renewed her claim to a trial by jury. We hold that the petitioner's request for partition is inappropriate at this time. Unless and until the trial court determines that the decree of the probate court must be set aside, the decree is as conclusive as that of any other court. General Insurance Company of America v. Barnes,supra. Under that decree the petitioner is not entitled to partition. If the circuit court, acting without a jury, rules favorably to the petitioner, then the question of partition could be properly raised.
A writ of mandamus is not granted unless there is a clear showing of error to the injury of the petitioner. The petitioner's right to relief must be clear and there must be no other adequate remedy. Ex parte Harrington ManufacturingCompany, Inc., 414 So.2d 74 (Ala. 1982); Ex parte Slade,382 So.2d 1127 (Ala. 1980). Because under the circumstances of this case there has been no clear showing of error or of the petitioner's right to relief, the writ is due to be, and it is, denied.
WRIT DENIED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] Tommie Carl Fairley, the defendant/respondent in this case, is the present holder of legal title to the disputed land under the will of Horace Jones, Jr.