ADAMS, Justice.
These appeals are by Warren Finch, one of the nephews of John Edward Luenberg, deceased from the Mobile Circuit Court’s judgment affirming the probate court’s decree of final settlement regarding Luen-berg’s estate. The probate court’s decree was entered on January 30, 1984, but was amended nunc pro tunc on February 15, 1984, to correct clerical errors. Warren Finch filed notice of appeal to the circuit court on February 29, 1984, and demanded a jury trial. The executor then filed a motion to strike the jury demand, as well as a motion to dismiss, which was granted by the circuit court. A motion to reconsider this order was denied and Warren Finch appealed to this court. We reversed the dismissal of the appeal and remanded the case to the circuit court for further proceedings. Finch v. Finch, 468 So.2d 151 (Ala.1985). The circuit court denied the jury demand. A motion was filed to remove the executor on June 10,1985, and on June 11, 1985, a complaint was filed by Warren Finch pursuant to § 12-11-60, Code of Alabama (1975), requesting the correction of clerical errors occurring during the settlement of the decedent’s estate. The court granted a motion to consolidate this complaint with the appeal from the probate court. Without ruling on the motion to remove the executor, the circuit court affirmed the probate court’s decree of final settlement on August 28, 1986. This decision was set aside pursuant to Rule 60(b), A.R.Civ.P., re-entered on March 13, 1987. Warren Finch appealed to this Court on March 19, 1987.
John Edward Luenberg died in 1979 and pursuant to his will, his estate passed to his four surviving nephews: Warren Finch; Richard Inge Finch; Robert E. Finch; and Gregory B. Finch. Richard Inge Finch was appointed executor.
I.
The appellant, Warren Finch, first contends that the trial court erred in rendering one judgment to cover two consol *580 idated causes of action. As stated above, Warren Finch had filed a complaint in the circuit court against the Luenberg estate, which was consolidated with an appeal ,from the final decree of the probate court. Warren Finch maintains that the trial court failed to rule on the complaint filed in circuit court. However, while Warren Finch contends that pursuant to § 12-11-60, Code of Alabama (1975), the circuit court reviews the evidence filed with the probate court as well as any other evidence necessary to correct the judgment of the probate court, no additional evidence was presented for the circuit court to consider. Therefore, only the records from the hearings held in the probate court were submitted by Warren Finch. The record indicates that the case action summaries of both of the consolidated cases reflect that judgments have been entered. Although the same wording is used regarding these judgments, we do not consider that unusual, because the evidence submitted was the same in both cases. Furthermore, pursuant to § 6-5-440, Code of Alabama (1975),
“[n]o plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the penden-cy of the former is a good defense to the latter if commenced at different times.”
In the case at bar, Warren Finch attempted to file his action pursuant to § 12-11-60, Code of Alabama (1975), while the appeal from the decree of the probate court was still pending before the circuit court. We note that § 12-11-60 states:
“(a) When any error of law or fact has occurred in the settlement of any estate of a decedent to the injury of any party without any fault or neglect on his part, such party may correct such error by filing a complaint within two years after the final settlement thereof_”
The purpose of this section has been to
‘“[correct] errors committed in decrees of the probate court, where induced by the respondent, when the complainant was ignorant of the facts on which the decree was predicated, and knew no fact to put him on inquiry, and was himself “without fault or neglect” as that expression has been defined by our courts.’ ”
General Ins. Co. of America v. Barnes, 431 So.2d 1210, 1212 (Ala.1983), quoting Evans v. Evans, 200 Ala. 329, 334, 76 So. 95, 100 (1917).
For the foregoing reasons, we hold that the trial court did not err concerning the entry of the judgments in this case.
II.
Warren Finch next contends that the court erred in failing to rule that the executor was guilty of maladministration. In his brief, Warren Finch argues that the executor failed to dispute the transfer by the decedent of some waterfront property (on Fowl River) to the executor two years prior to Mr. Luenberg’s death. The consideration for the transfer was $4,500.00 and Warren Finch argues that the appraisal value was $200,000.00. It is well-settled that “[a]ll other things being proper, a deed cannot be set aside because of inadequate consideration or for no consideration at all.” Jackson v. Reed, 438 So.2d 750, 754 (Ala.1983). Furthermore, this Court has not been persuaded that the value of the waterfront property was $200,000.00 at the time of the transfer in 1977. The record reveals that the appraisal was done in 1979, two years after the transfer, and after improvements had been made by the executor. In addition, there was testimony that the executor had repaired and improved the property prior to the sale and that he was not reimbursed for his expenditures. The accountant for the estate testified that the $4,500, coupled with those improvements, constituted adequate consideration for that transfer.
Warren Finch also contends that the executor compromised two claims of the estate against third parties for less than their worth. Again, we note that the settlement of these claims was submitted to the probate court for approval. Warren *581 Finch received notice of the petition to compromise the disputed claims and yet failed to object at that time to the action taken.
III.
Warren Finch additionally argues that the executor wasted assets by renting storage space in his mother’s house for the decedent’s files and records. While he indicates that there was a warehouse in the estate available for such storage, he has failed to show that the building was suitable for the maintenance of the documents.
IV.
Warren Finch also contends that the executor mishandled the selling of the decedent’s accounting practice. The record shows that the practice was sold for $1,442.00. The agreement between the executor and the transferee was that the estate would receive 20% of all collections referred to him by the estate over a five-year period. In the alternative, the transferee had the option to pay a lump sum equal to the collections of the first year. There is no proof by Warren Finch that this was inappropriate. His only argument is that the practice should have been sold to someone else.
V.
Warren Finch’s final argument is that the lower court erred in failing to hold the executor liable for assets not brought back into the estate and further erred in failing to grant his motion to have the executor removed for waste and maladministration. Those arguments are based on the transfer of the Fowl River property, and we have disposed of Warren Finch’s argument regarding that in part II.
The application to remove Richard Inge Finch was made on June 10, 1985, only one day before the motion to consolidate the two pending cases was made. After much delay, the only evidence submitted in either case was the entire transcript of the hearings held by the probate court. No additional evidence was offered in support of Warren Finch’s motion, nor was the motion ever brought before the court after the original filing thereof. Although the motion was never formally ruled upon by the court, we find that the final settlement of the estate constituted a denial of Finch’s motion to remove the executor. We find no error in that denial.
The attorney for the estate claims that he is entitled to $8,000.00 as an attorney fee. We are of the opinion that the attorney is entitled to a fee. However, the circuit court is in a better position to assess this fee, in light of the twelve criteria set forth in Peebles v. Miley, 439 So.2d 137 (Ala.1983).
The judgments are due to be, and they hereby are, affirmed, but the cause is remanded for a determination of an attorney fee.
AFFIRMED; REMANDED WITH DIRECTIONS.
JONES, SHORES and STEAGALL, JJ., concur.
TORBERT, C.J., concurs in the result.