143 So. 448

### TUBBS v. BARNARD.

### 8 Div. 413.

Supreme Court of Alabama.

June 23, 1932.

Rehearing Denied Oct. 13, 1932.

W. T. Harris, of Marion, for appellant.

Joe Starnes, of Guntersville, for appellee.

BOULDIN, J.

The appeal is from the order of the probate court of Marshall county denying a petition to cancel or revoke letters of administration granted by that court upon the estate of William M. Barnard, deceased.

The decedent died intestate in 1928. At the time of his death he was an inhabitant of Perry county. He owned certain personal chattels in Perry county of nominal value, and there was no occasion at the time for the appointment of an administrator of his estate.

But in March, 1931, it became known to the widow and kindred through the Veterans' Administration at Washington, that said William M. Barnard, a World War veteran, had been rerated as permanently and totally disabled from the date of his discharge, and as a result there was then and still is due from the United States to his estate the sum of $5,922.50.

Thereupon John C. Barnard, father of decedent, was appointed administrator of his estate by the Marshall probate court.

Later the appellant, the widow of decedent, under her newly married name of Hattie Barnard Tubbs, was appointed administratrix of said estate by the probate court of Perry county.

In this situation it appears the Department at Washington declined to pay over the money to either of such claimants, until the rightful administrator was settled under the laws of Alabama.

Thereupon this proceeding to revoke the letters granted in Marshall county was instituted by appellant as a distributee of the estate.

The probate court, being one of general jurisdiction in the grant of letters of administration, all intendments are indulged in favor of the validity of the appointment. Unless the record discloses a want of jurisdiction, the presumption is indulged that the court has ascertained all the facts essential to an appointment. In such case the order granting letters cannot be collaterally assailed. Breeding v. Breeding, 128 Ala. 412, 30 So. 881.

But upon a direct proceeding, by petition of a party in interest to revoke such letters addressed to the court granting same, the authority of the court to grant such letters, as defined by Code, § 5741, may be inquired into. Holmes v. Holmes, 212 Ala. 597, 103 So. 884.

"Where the intestate, at the time of his death, was an inhabitant of the county," the probate court of that county only has authority to grant letters of administration. Code, § 5741, subsec. 1.

The only exception is in subsection 5, where the intestate left no estate in the county of his residence, but did leave assets in another county.

It is proved without dispute that, at the time of his death, the intestate was an inhabitant of Perry county and owned no assets in Marshall county.

Indeed, the original petition for letters in Marshall county alleges that the intestate

"was at the time of his death an inhabitant of Greensboro, R. F. D. Alabama," and the order granting letters recites: " * * * And, it appearing to the Court from the allegations contained in said petition, and from other good and sufficient evidence that the said William M. Barnard departed this life at Greensboro, Ala., on or about the 27th day of February, 1928. Being at the time of his death an inhabitant of said County and State; that he died leaving assets in said County and State, which assets, both real and personal, are estimated to be worth about $5000 or more Dollars, consisting of probable claim from U. S. Government."

We construe this as an affirmative finding of record of jurisdictional facts, and which finding discloses a want of jurisdiction in the Marshall probate court. But whether so construed as to render the grant of letters void, or the same be shown to be voidable by outside evidence on this direct proceeding, it was the right of petitioner to have the same canceled or revoked.

The order denying the petition is reversed, and one here rendered revoking the letters granted by the Marshall court and vacating the order making such appointment.

The costs of the suit in the probate court and the costs of appeal in that court and in this court are taxed against the appellee.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.