263 So.2d 499

**S. LOTMAN & SON, INC., a Corporation**

v.

**SOUTHEASTERN FINANCIAL CORPORATION, a Corp.**

**6 Div. 931.**

Supreme Court of Alabama.

June 8, 1972.

548

Denaburg, Schoel & Meyerson and Richard F. Ogle, Birmingham, for appellant.

Thomas, Taliaferro, Forman, Burr & Murray and R. Lee Walthall, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a decree denying relief to complainant-appellant seeking a

marshalling of the assets of Portion-Redi Foods, Inc., and an accounting between complainant and respondent.

A very condensed statement of the facts as stated in the evidence and stipulations follows. Appellant, S. Lotman & Son, Inc., sold certain items of equipment to Portion-Redi Foods, Inc., a meat packing company. The equipment is described in Exhibit "A" of the bill. This equipment sold for $20,000.00 and had been reduced by the down payment and monthly installments to $11,200.00. A security interest had been retained by appellant but a financing statement on this security agreement had not been filed with the Secretary of State when the respondent-appellee, Southeastern Financial Corporation, and Portion-Redi Foods, Inc., entered into a security agreement on December 1, 1970, covering all the equipment of Portion-Redi Foods including that described in Exhibit "A". On February 5, 1971, appellant took a third mortgage on all the real estate of Portion-Redi Foods which was given as additional security to the advancement of an additional $30,000.00.

The appellant did not timely file a financing statement with the Secretary of State until after the filing of a statement of financing by the appellee. Thus, as the first to file, appellee was entitled to priority. Uniform Commercial Code, listed as Tit. 7A, § 9–312, 1958 Recompilation, Act No. 549, Acts of Alabama 1965.

On May 24, 1971, appellant filed an action of detinue against Portion-Redi Foods, which owed it about $30,000.00, and obtained possession of the personal property that was subject to the security interest of appellee and on which appellant also had a security interest. Appellee gave public notice of sale and written notice to appellant. Appellant requested a marshalling of assets under Tit. 33, § 4, Code 1940, and later filed the bill of complaint, obtained a temporary injunction and posted bond. By agreement of the parties, the property was allowed to be sold and appellee posted a bond of $15,000.00 to indemnify appellant.

On June 25, 1971, Portion-Redi Foods filed a petition in bankruptcy and subsequently a receiver was appointed and qualified.

The sale of the equipment listed in Exhibit "A" to the bill brought $15,000.00 and other assets raised this total to $28,000.00. At that time, the indebtedness of Portion-Redi Foods to appellee was approximately $35,000.00.

The real estate on which appellant held a third mortgage had been appraised at $750,000.00, $550,000.00 and the receiver in bankruptcy testified that the real estate agent he had employed advised him that the total property should be worth $350,000.00 as a minimum. The first and second mortgages represented an indebtedness of approximately $235,000.00.

We quote part of the trial court's opinion and the pertinent part of the decree:

"Basically, the undecided prayers as set forth in the Bill of Complaint are for a marshalling of the assets of Portion-Redi-Foods, Inc. and an accounting by Respondent to Complainant in the event of a sale of 'any of the property described in Exhibit "A"' (as attached to the Bill of Complaint, and the striking of an account between the parties and an entry of 'judgment for any amount due to the Complainant'.

"The Court finds that Complainant is not entitled to any of the relief prayed.

"Accordingly, it is CONSIDERED, ORDERED, ADJUDGED and DECREED as follows:

"ONE: The bill of Complaint is dismissed with prejudice."

The sole question presented here is whether the trial court erred in refusing to require the marshalling of the assets and to order appellee to resort first to the foreclosure of its third mortgage.

We do not think the trial court committed reversible error.

Title 33, § 4, Code 1940, provides:

"Where one has a lien upon different things, and other persons have subordinate liens upon, or interests in, some but not all of the same things, the person having the prior lien, if he can do so without risk of loss to himself, or of injustice to other persons, must resort to the property in the following order, on the written demand of any party interested:

"1. To the things upon which he has an exclusive lien;

"2. To the things which are subject to the fewest subordinate liens;

"3. In like manner inversely to the number of subordinate liens upon the same thing; and

"4. When several things are within one of the foregoing classes, and subject to the same number of liens, resort must be had (1) to the things which have not been transferred since the prior lien was created; (2) to the things which have been so transferred without a valuable consideration; and (3) to the things which have been so transferred for a valuable consideration in the inverse order of the transfer."

The only Alabama case cited to us referring to this statute is Kelley v. Cassels, 226 Ala. 410, 147 So. 597, but that case is not apt here because of the great difference in facts.

Very few cases arising under this statute would have the same facts.

■ One of our most quoted rules is that when the evidence is heard orally by the trial court, the court's finding has the effect of a jury's verdict and will not be disturbed on appeal unless plainly erroneous or manifestly wrong. And this applies both in law and in equity. State v. Reynolds Metals Co., 280 Ala. 561, 196 So. 2d 408; Rice v. Hill, 278 Ala. 342, 178 So. 2d 168; Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558.

■■ The trial court did not enumerate the reasons for not applying Tit. 33, § 4, but we mention a few that we consider pertinent. The prior lienor is not required by § 4 to resort to the property in the order listed in that section unless "he can do so without risk of loss to himself."

(1) The equipment has already been sold and the proceeds are already in court as the result of a practically completed lawsuit.

(2) On this property appellee has the prior lien.

(3) Appellant could have had the prior lien had it chosen to file it with the Secretary of State when it sold the equipment to Portion-Redi Foods.

(4) A first lien of proceeds from a sale is much safer from loss than having to "buy in" after foreclosing a third mortgage when the first and second mortgages amount to approximately $235,000.00.

(5) Any resort to the real estate could also bring conflict with other unsecured creditors and the receiver in bankruptcy.

(6) Following any other course than that of the trial court could require appellant "to resort to conjectural and speculative independent legal action" and it "would extend the period of litigation and possible controversy." Platte Valley Bank of North Bend v. Kracl, 185 Neb. 168, 174 N.W.2d 724.

Since no reversible error has been presented, the decree is due to be affirmed.

Affirmed.

HEFLIN, C. J., and HARWOOD and MADDOX, JJ., concur.

COLEMAN, J., concurs in the result.