267 So.2d 434

**George D. MERIWETHER, Administrator, etc.**

v.

**Charles H. REYNOLDS.**

**6 Div. 893.**

Supreme Court of Alabama.

Sept. 28, 1972.

Jack R. Evans, Tuscaloosa, for appellant.

Hubbard & Waldrop, and James J. Jenkins, Tuscaloosa, for appellee.

SOMERVILLE, Justice.

This case was assigned to another Justice on original submission. It has been reassigned to the writer for preparation of an opinion for the court.

This is an appeal from a decree of the Circuit Court of Tuscaloosa County, in Equity, revoking letters of Administration on the estate of Mary M. Clinton, deceased.

Mary M. Clinton died in Bullock County, Alabama on February 23, 1971 and on March 1, 1971 the appellant, George D. Meriwether, a nephew of said decedent, filed an application for letters of administration on her estate in the Probate Court of Tuscaloosa County. The application alleged that said decedent died intestate and was at that time a resident of Tuscaloosa County and based on said allegations letters of administration were duly issued to appellant by said court.

On May 12, 1971 the appellee, Charles H. Reynolds, a nephew and heir at law of Mary M. Clinton, filed his petition to revoke said letters of administration stating that said decedent at the time of her death was a resident of Bullock County rather than Tuscaloosa County. Attached to and made a part of the petition to revoke (hereinafter for convenience called the petition) was a copy of the purported will which designated two executors and expressly directed that the will be probated in Bullock County. The appellant filed a demurrer to said petition and made demand for a jury trial as to any issues of fact. On appellant's motion the case was removed to the Circuit Court of Tuscaloosa County, in Equity. Appellant's demurrer being overruled, he filed (1) an answer to the petition, denying that decedent was a resident of Bullock County at the time of her decease, and denying the validity of the purported will, and (2) a motion to strike certain paragraphs of the petition asserting that appellee, in order to test the question of venue, must file a plea in abatement rather than a petition to revoke the letters. The motion to strike again requested a jury to determine factual issues.

The trial court overruled appellant's motion, heard the evidence without a jury, and rendered a final decree in which it made a specific finding that Mary M. Clinton was at the time of her death a resident citizen of Bullock County, Alabama and that Bullock County, Alabama was her legal domicile and further ordered the revocation of said letters of administration.

The appellant assigned ten grounds of error but in his brief he groups them into three issues, in substance as follows: (1) the court erred in allowing appellee to continue the case under his petition to revoke and in not requiring the filing of a plea in abatement or a plea to the jurisdiction as provided by Title 7, § 64, Code of Alabama 1940, Recompiled 1958, or, in the alternative, in not treating and considering said petition as if it were such a plea in abatement or to the jurisdiction; (2) was the appellant entitled to a jury trial of the issues presented; and (3) was the court justified in finding under the evidence that said decedent was a legal resident of Bullock County at the time of her death.

■ The first of appellant's arguments we will consider is that concerning whether or not appellee pursued his action below in the proper manner. Appellant contends that the appellee should have filed a plea in abatement or a plea to the jurisdiction, or that absent such a plea his petition should nevertheless have been treated by the trial court as such. We are unable to agree with this contention. Since the Probate Court is one of general jurisdiction in the granting of letters of administration, all intendments are indulged in favor of the validity of its appointments. Unless the record shows on its face a want of jurisdiction the presumption arises that the court concerned has ascertained all facts essential to the appointment, and the order granting letters cannot be collaterally assailed. It is also true that where the material fact of inhabitancy does not exist, the grant of letters upon false information is not void and may be avoided only by a direct proceeding for that purpose. But where a direct proceeding is instigated through a petition to revoke letters of administration by a party in interest and addressed to the court which granted the letters, that court's subject matter jurisdiction may be attacked and the letters revoked. Coltart v. Allen, 40 Ala. 155; Bell v. Fulgham, 202 Ala. 217, 80 So. 39; Tubbs v. Barnard, 225 Ala. 435,

143 So. 448; Clark v. Glenn, 249 Ala. 342, 31 So.2d 507; Title 61, § 80, Code of Alabama 1940, Recompiled 1958.

Thus the appellee Charles H. Reynolds, being a party in interest, was qualified to directly assail the order granting said letters to appellant George D. Meriwether. Appellee's petition was the proper manner of bringing the attack and there would have been no reason or justification for the trial court to consider it as anything other than a petition to revoke.

We now reach consideration of appellant's second argument involving the question of whether he was entitled to have a jury decide the issues of fact presented at the trial. He advances two theories to support his position; first, that one of the material issues of the litigation below was the validity of the instrument claimed by appellee to be the last will and testament of Mary M. Clinton, and that under Title 61, §§ 52 and 64 he has a right to a trial by jury on that issue. Appellant's second theory is that appellee's petition raised a question of venue or jurisdiction and that the cases of Ex parte Phillips, 275 Ala. 80, 152 So.2d 144 and Ex parte Western Railway, 283 Ala. 6, 214 So.2d 284, hold that he is entitled to a jury trial to determine domiciliary resident.

The law is clear that in equity a party is not entitled, as a matter of right, to a jury to determine issues of fact unless it is so provided by statutory or constitutional provision. In the absence of any such provision the power and duty to decide all questions of fact and law rests upon the court. Curb v. Grantham, 212 Ala. 395, 102 So. 619; Lucas v. Scott, 247 Ala. 183, 24 So.2d 540; 30A C.J.S. Equity, § 495.

We cannot agree with appellant's first theory because said §§ 52 and 64 of Title 61 apply only in will contest cases. Such is not the nature of the present proceeding and said Code sections have no application. As to appellant's second theory we find that it, too, is without merit. The cases cited as authority for appellant's position are not in point and do not hold as he contends. We are unable to find, and appellant has not cited to us, a single statute or constitutional provision giving a party a right to a jury trial in an action to revoke letters of administration. Consequently, we hold that appellant's assignments of error claiming improper denial of a jury trial are without merit.

Appellant's third argument is that the evidence presented at the trial below was insufficient to support the court's finding that Mary M. Clinton was a resident of Bullock County and legally domiciled there at the time of her death.

It is well settled that where the chancellor hears the evidence ore tenus, his findings of fact have the weight of a jury verdict and will not be disturbed on appeal if fairly supported by credible evidence under any reasonable view. Collier v. Woody, 257 Ala. 391, 59 So.2d 670; Brantley v. Hall, 286 Ala. 400, 240 So.2d 364; Lott v. Keith, 286 Ala. 431, 241 So.2d 104; S. Lotman & Son, Inc. v. Southeastern Financial Corp., 288 Ala. 547, 263 So.2d 499.

We are convinced that there was sufficient evidence presented at trial to support and justify the trial court's findings of fact. The question of domicile must be decided upon the particular facts and circumstances of each case. The evidence below showed that Mary M. Clinton was born in Bullock County and resided there until she was grown; that she resided there the last eight or ten years of her life and died there; that she owned substantial property in Bullock County; that in her purported will she directed that it be probated there; that she remained in Bullock County after the death of her sister, with whom she had lived and nursed through a terminal illness; that she attempted to sell her house in Tuscaloosa; that she failed to reidentify herself in 1968 as a voter in Tuscaloosa County; and that during the last several years of her life she

did not 'claim homestead exemption on her Tuscaloosa house. As to certain declarations made by the decedent which appellant insists were inadmissible, there is nothing before us from which we can determine whether the trial court considered same. In any event we hold that the evidence was sufficient to warrant the trial court's findings without consideration of said declarations. Having determined that the deceased was domiciled in Bullock County at the time of her death, the court below was fully justified in entering its decree revoking the letters of administration to the appellant,' since Title 61, § 80, Code of Alabama 1940, Recompiled 1958, provides that where a deceased, at death, was an inhabitant of a certain county, only the Probate Court of that county has the authority to grant letters of administration unless it appears that the decedent left no property in that 'county. Accordingly the judgment of the lower court is due to be affirmed.

·Affirmed.

HEFLIN, C. J., and HARWOOD, BLOODWORTH and MADDOX, JJ., concur.