This is a divorce case. *Page 741 
The wife filed a petition to modify and establish judgment in the Circuit Court of Houston County. The husband made a demand for trial by struck jury which was denied upon motion by the wife. The husband appeals, contending that there is a constitutional guarantee of a trial by jury in a proceeding where the plaintiff seeks a money judgment for accrued and unpaid child support.
We do not agree and affirm.
The wife filed a motion in the Family Division of the Circuit Court of Houston County to modify a prior divorce decree in order to increase child support payments. In addition, the wife sought a money judgment against the husband for accrued and unpaid child support, attorney's fees, and other relief.
The husband answered and included a demand for a trial by struck jury. The wife filed a motion to strike this jury demand. In granting the wife's motion, the trial court determined, as a matter of law, that the husband was not entitled to a trial by jury to determine what amount, if any, was owed to the wife as unpaid child support.
On appeal, the husband contends that the money judgment sought in this case was an action in debt and that therefore, as a common law action, he had an absolute right to a trial by jury under Rule 38, ARCP, and § 11, Constitution of Alabama of 1901.
Rule 38 (a), ARCP, provides that the "right of trial by jury as declared by the Constitution of Alabama or as given by a statute of this state shall be preserved to the parties inviolate." Section 11, Constitution of Alabama of 1901, states that "the right of trial by jury shall remain inviolate."
This constitutional guaranty of trial by jury does not extend to causes of action unknown to the common law. City of Mobilev. Gulf Development Co., 277 Ala. 431, 171 So.2d 247 (1965). Further, Rule 38 (a), ARCP, simply preserves the historic right to a jury trial where that right existed at the time of the adoption of the Alabama 1901 Constitution. U-Haul Co. ofAlabama v. State, 294 Ala. 330, 316 So.2d 685 (1975).
At the outset we note that child support proceedings, such as in the instant case, involve the equitable jurisdiction of the circuit courts in Alabama. That is, child support proceedings are traditionally equitable proceedings. The legislature intended that the equity courts should exercise their general equitable powers as necessary to carry out the express statutory power granted with respect to divorce and child support. See, Evans v. Evans, 278 Ala. 573, 179 So.2d 320
(1965).
Clearly, the proceedings in the instant case were unknown at common law. That is, an action to recover unpaid child support is not a common law action. The proceedings in the instant case are equitable.
Where a plaintiff's claim is equitable in nature there is no right to a jury trial. Pugh v. Calloway, 295 Ala. 139,325 So.2d 135 (1976). Therefore, there is no right to a jury trial in a proceeding where the plaintiff seeks to recover unpaid child support either under the Alabama Constitution or the Alabama Rules of Civil Procedure.
Additionally, the origin of the remedy involved in the instant case is statutory. Under this statutory framework, no provision is made for trial by jury in the type of proceeding herein involved.
In equity, a party is not entitled, as a matter of right, to a jury to determine issues of fact unless it is so provided by statutory or constitutional provision. In the absence of any such provision the power and duty to decide all questions of fact and law rests with the court. Meriwether v. Reynolds,289 Ala. 361, 267 So.2d 434 (1972).
Since there is no right to a jury trial in the instant case under the Constitution of Alabama, the Alabama Rules of Civil Procedure, or by statute, the husband's contentions are without merit. *Page 742 
The wife's demand for attorney's fees in defending this appeal is granted in the amount of $500.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.