Charles and Ellen Armbrust appeal from an injunction prohibiting them from operating a garage in violation of certain restrictive covenants applicable to their subdivision. The plaintiffs, James M. Golden, Elaine Golden, and other residents of the Lazy Acres Subdivision, had sought the injunction against Charles and Ellen Armbrust to prohibit them from operating a garage business within the subdivision. The trial court denied the defendants' request for a jury trial and, after an ore tenus hearing, determined that the restrictive covenants applicable to the subdivision were not ambiguous and that the plaintiffs were entitled to the injunction. We affirm. *Page 65 
Because the case was heard by the trial court sitting without a jury, our standard of review is as follows:
 "Under the 'ore tenus rule,' a presumption of correctness accompanies the trial court's judgment when it has made findings of fact based on oral testimony without a jury, and its judgment will not be reversed unless it is shown to be plainly and palpably wrong, considering all of the evidence and all inferences that can be logically drawn from the evidence. King v. Travelers Ins. Co., 513 So.2d 1023 (Ala. 1987); McCrary v. Butler, 540 So.2d 736
(Ala. 1989). The trial court's judgment in such a case will be affirmed, if, under any reasonable aspect of the testimony, there is credible evidence to support the judgment. McCrary v. Butler, supra; Jones v. Jones, 470 So.2d 1207 (Ala. 1985)."
Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 12-13
(Ala. 1989).
The Armbrusts argue that certain residents of the subdivision had filed with the probate judge's office a document purporting to terminate the restrictions in the subdivision. The termination document was signed by some of the residents of the subdivision and evidently was intended to conform to the clause in the restrictive covenants that stated, in pertinent part:
 "These restrictions shall continue in full force and effective [sic] for a period of fifty (50) years from the date hereof and shall be binding upon the owners of all of the property affected hereby during said period and shall continue in full force and effect thereafter unless the then owners of a majority of the lots affected hereby sign a written agreement terminating these restrictions, and put such written termination on record in the Office of the Judge of Probate of the County where the property is situated."
The Armbrusts argue that this quoted language is ambiguous and that certain of the residents could, and did, file a termination agreement with the probate judge's office prior to the expiration of the first 50 years from the date of the restrictions. We conclude, however, as did the trial judge, that the language clearly states that the restrictive covenants shall have effect for 50 years. Thereafter, the owners of the subdivision lots can, by majority, do away with the restrictions via a written agreement recorded in the probate office. The 50-year term for the restrictions had not run when this action was filed, and the trial judge determined that the Armbrusts were operating their garage in violation of the restrictions. We agree.
Besides making the argument discussed above, the Armbrusts contend that other lot owners in the subdivision operated businesses therein, and that residents of the subdivision should, therefore, be estopped from requiring the Armbrusts to abide by the restrictions. We disagree. The businesses referred to by the Armbrusts in their brief were basically service-related, e.g., plumbing, cake-baking, brick masonry, etc., and many of the owners of the businesses only accepted telephone calls at their residences and actually performed their tasks away from their homes. In addition, there was testimony that even if some work or storage of equipment was done on other lots within the subdivisions, the garage owned by the Armbrusts was the only business noticeable to passersby.
Based on the foregoing, we conclude that the trial judge's granting of the injunction was not plainly and palpably wrong. Furthermore, we have considered the Armbrusts' argument that the trial court erred in refusing to grant them a jury trial. An injunctive action is equitable in nature; therefore, the Armbrusts were not entitled to a jury trial as a matter of right. See Meriwether v. Reynolds, 289 Ala. 361, 267 So.2d 434,437 (1972).
AFFIRMED.
MADDOX, ALMON, STEAGALL and INGRAM, JJ., concur. *Page 66