COBB, Chief Justice.
 

 This is an appeal from an April 12, 2010, order of the St. Clair Circuit Court holding that letters of administration issued to Edwin M. Van Dali
 
 [1]
 
 by the St. Clair County probate court were valid, holding that letters of administration issued to Rose Ingram by the Jefferson County probate court were invalid, and holding that the St. Clair Circuit Court has jurisdiction over this action. Because we conclude that the St. Clair Circuit Court does not have jurisdiction, we vacate the April 12, 2010, order of the St. Clair Circuit Court, dismiss the action without prejudice, and dismiss the appeal.
 

 Facts and Procedural History
 

 On August 20, 2009, Jackie Ingram, a resident of Jefferson County, died in a three-car automobile accident on Interstate 59 in St. Clair County. James Mark Kesler,
 
 [2]
 
 the driver of one of the other two vehicles involved in the accident, also died in the accident. Norma Hazelwood, the driver of the remaining vehicle, was injured as a result of the accident.
 

 For 29 years before his death in August 2009, Jackie Ingram lived in Jefferson County with his wife, Rose Ingram.
 
 [3]
 
 At the time of his death, Jackie Ingram was employed and worked in Jefferson County and Jackie Ingram’s property and other assets were located exclusively in
 
 *1193
 
 Jefferson County. Jackie Ingram’s only known connection to St. Clair County is that that is where the accident in which he lost his life occurred.
 

 On October 8, 2009, Rose Ingram filed a petition in the probate court of Jefferson County seeking to be appointed administrator
 
 ad litem
 
 of Jackie Ingram’s estate. On the same day, the Jefferson County probate court granted Rose Ingram’s petition.
 

 At some point during the fall of 2009, Hazelwood retained an attorney and obtained a settlement of claims she asserted against Kesler’s estate arising out of the August 20, 2009, automobile accident. According to Van Dali, Hazelwood also “attempted] to pursue claims against [Jackie] Ingram,” Van Dali’s brief, at 5, “and requested information concerning any liability insurance or an estate but received no co-operation.” Van Dali’s brief, at 1. According to Van Dali, Hazelwood’s attorney then “contacted an attorney who handles estates in St. Clair County,” Van Dali’s brief, at 6, and, on November 10, 2009, Van Dali, an attorney, filed for and received general letters of administration for the estate of Jackie Ingram in the probate court of St. Clair County.
 
 See also
 
 Van Dali’s brief, at 10 (“[N]either Rose Ingram ... nor her attorney co-operated with Ms. Hazelwood’s attorney to allow a claim to be made against Jackie Ingram. As a result Van Dali then moved to open a general administration in St. Clair County.”). Van Dali is neither a creditor nor an heir of Jackie Ingram’s; his only connection to Ingram’s estate is by virtue of the letters of administration issued to him by the St. Clair County probate court. Rose Ingram did not at any time request Van Dali’s assistance in the matter of Jackie Ingram’s estate, and Van Dali did not contact Rose Ingram or the heirs of Jackie Ingram at any time before obtaining general letters of administration for Ingram’s estate in St. Clair County.
 

 In November 2009, Van Dali engaged the services of Erskine R. Funderburg to defend Jackie Ingram’s estate against the claims Hazelwood was asserting against the estate (which claims had not yet been filed
 
 [4]
 
 ) and to pursue claims against Hazel-wood on behalf of the estate. By letter dated November 11, 2009, Funderburg wrote Kesler’s insurer stating that he had been retained by Jackie Ingram’s estate to pursue a wrongful-death claim against Kesler’s estate and demanding “one million dollars or the policy limits” to settle the wrongful-death claim. In the same letter, Funderburg indicated that he was also making a claim for underinsured-mo-torist benefits with Jackie Ingram’s automobile-insurance carrier.
 

 Subsequently, on November 17, 2009, Funderburg wrote the following letter to Rose Ingram:
 

 “My name is Erskine Funderburg, an attorney in St. Clair County. Last week I was hired by another attorney in St. Clair County who was granted Letters of Administration in the Estate of Jackie Ingram. Soon after being hired I contacted the liability insurance carrier of Mr. [Kesler] who caused the accident on
 
 *1194
 
 August 20, 2009. The carrier indicated that they were ready to settle Mr. Ingram’s claim but had received notice where you had been appointed Administrator
 
 ad Litem
 
 of the Estate of Jackie Ingram.
 

 “A day or two later I also received a claim by a Ms. Hazelwood against the Estate of Jackie Ingram. Ms. Hazel-wood was in a third vehicle involved in the accident.
 

 “Now as it stands, I believe everyone is unsure of how to proceed. The following is what I consider to be the status of the situation:
 

 “1. Mr. [Kesler’s] liability carrier is ready to pay the Estate of Jackie Ingram the full limits of liability which I believe is $100,000.00. This amount would be reduced by any applicable attorney fees due.
 

 “2. A claim has been filed[
 
 5
 
 ] against the Estate of Jackie Ingram which must be defended. If Mr. Ingram or the car in which he was driving had any liability insurance the carrier should be immediately notified. The money received in number one above is not subject to this claim.
 

 “3. A general estate has been opened in St. Clam County, the Letters of Administration, and a special estate called an administrator
 
 ad litem
 
 has been opened in Jefferson County [sic]. It is not clear as to which if either has priority over the estate of Mr. Ingram.
 

 “For your assistance I have enclosed copies of what I have relative to the information above. If you have been using an attorney relative to Mr. Ingram’s estate you may wish to contact him as soon as possible about the contents of this letter. I would think you would be ready to resolve both Mr. Ingram’s claims against Mr. [Kesler] and the claims by Ms. Hazelwood against Mr. Ingram. If you do not wish to continue with your previous attorney you may wish to contact Ted Van [Dali] who was appointed to represent the Estate of Jackie Ingram in St. Clair County.... Hopefully steps can be taken this week to resolve these issues.”
 

 On December 3, 2009, Hazelwood filed a complaint in the St. Clair Circuit Court, asserting claims against the estate of Jackie Ingram, and she served the complaint on Van Dali. In her complaint, Hazelwood alleged that she was injured as a result of Jackie Ingram’s negligent operation of his automobile.
 

 Also on December 3, 2009, Rose Ingram filed a motion in the St. Clair County probate court requesting that Van Dali’s letters of administration be revoked. On December 21, 2009, Van Dali filed a petition to remove the St. Clair County probate court action concerning the administration of Jackie Ingram’s estate to the St. Clair Circuit Court. On December 22, 2009, Van Dali’s petition was granted. In December 2009, Van Dali also sought and obtained removal of the action in Jefferson County pertaining to Rose Ingram’s appointment as administrator
 
 ad litem
 
 from the probate court to the circuit court in that county.
 

 On January 13, 2010, Van Dali filed a motion in the Jefferson Circuit Court seeking to revoke Rose Ingram’s appointment
 
 *1195
 
 as administrator
 
 ad litem
 
 for Jackie Ingram’s estate. In his brief filed in this Court, Van Dali states that the Jefferson Circuit Court has issued no ruling on that motion.
 

 On January 27, 2010, Rose Ingram petitioned the probate court of Jefferson County for and was granted letters of general administration for Jackie Ingram’s estate. On February 4, 2010, Rose Ingram filed in the St. Clair Circuit Court a renewed motion to revoke Van Dali’s letters of administration issued by the St. Clair County probate court. On April 12, 2010, the St. Clair Circuit Court denied Rose Ingram’s motion to revoke Van Dali’s letters of general administration.
 

 On May 11, 2010, Rose Ingram filed a Rule 59(e), Ala. R. Civ. P., motion in the St. Clair Circuit Court, requesting that that court alter, amend, or vacate its order denying her motion to revoke Van Dali’s letters of general administration. On July 8, 2010, the St. Clair Circuit Court denied Rose Ingram’s Rule 59(e) motion.
 

 On August 18, 2010, Rose Ingram filed in this Court a petition for a writ of mandamus challenging the St. Clair Circuit Court’s denial of her motion to revoke Van Dali’s letters of general administration. On September 13, 2010, this Court entered an order stating that the petition for the writ of mandamus was filed from an order appealable under Rule 4(a)(1), Ala. R.App. P.,
 
 see
 
 Ala.Code 1975, § 12-22-21(2), and that the petition would therefore be treated as a timely filed notice of appeal.
 

 Analysis
 

 Rose Ingram argues that the St. Clair County probate court lacked jurisdiction over Van Dali’s petition for letters of general administration for Jackie Ingram’s estate because, at the time of his death, Jackie Ingram was a resident of Jefferson County and had no assets in St. Clair County.
 
 See Meriwether v. Reynolds,
 
 289 Ala. 361, 364, 267 So.2d 434, 436-37 (1972) (holding _ that, when letters of administration are granted even though “the material fact of inhabitancy does not exist,” the probate court’s subject-matter jurisdiction may be directly attacked and the letters of administration revoked). Rose Ingram further argues that because the St. Clair County probate court lacked jurisdiction, the St. Clair Circuit Court, to which the administration of Jackie Ingram’s estate was removed, likewise lacked jurisdiction. We note that,
 

 “ ‘[o]n questions of subject-matter jurisdiction, this Court is not limited by the parties’ arguments or by the legal conclusions of the trial ... eourt[ ] regarding the existence of jurisdiction.’
 
 Exparte Alabama Dep’t of Human Res.,
 
 999 So.2d [891] at 894-95 [ (Ala.2008) ] (citing
 
 Ex parte Smith,
 
 438 So.2d 766, 768 (Ala.1983)). ‘A court is obligated to vigilantly protect against deciding cases over which it has no jurisdiction because “[i]t would amount to usurpation and oppression for a court to interfere in a matter over which it has no jurisdiction, and its pronouncements in respect thereto would, be without force, and its decrees and judgments would be wholly void. This is a universal principle, as old as the law itself.” ’
 
 Crutcher v. Williams,
 
 12 So.3d 631, 635 (Ala.2008) (quoting
 
 Wilkinson v. Henry,
 
 221 Ala. 254, 256, 128 So. 362, 364 (1930)).”
 

 Ex parte Synovus Trust Co.,
 
 41 So.3d 70, 73-74 (Ala.2009).
 

 Jackie Ingram died intestate. Alabama Code 1975, § 43-2^0, provides:
 

 “Courts of probate, within their respective counties, have authority to
 
 *1196
 
 grant letters of administration on the estates of persons dying intestate, as follows:
 

 “(1) Where the intestate, at the time of his death, was an inhabitant of the county.
 

 “(2) Where the intestate, not being an inhabitant of the state, dies in the county, leaving assets therein.
 

 “(3) Where the intestate, not being an inhabitant of the state, dies out of the county, leaving assets therein.
 

 “(4) Where the intestate, not being an inhabitant of the state, dies, leaving no assets therein, and assets are afterwards brought into the county.
 

 “(5) Where the intestate, being an inhabitant of the state, dies, leaving no assets subject to administration in the county of his residence, and no administration has been granted in such county within three months after the death of the intestate, then administration may be granted in any county where the intestate leaves assets.”
 

 When a court construes a statute, “‘[wjords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.”’
 
 Ex parte Berryhill,
 
 801 So.2d 7, 10 (Ala.2001) (quoting
 
 IMED Corp. v. Systems Eng’g Assocs. Corp.,
 
 602 So.2d 344, 346 (Ala.1992)). Further, “[a] court is bound to interpret [the plain language of a statute] to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
 
 IMED,
 
 602 So.2d at 346.
 
 See also Ex parte Children’s Hosp. of Ala bama,
 
 721 So.2d 184, 191 (Ala.1998) (holding that, in construing the language of a statute, a court will presume that every word, sentence, or provision of a statute has meaning and effect).
 

 The St. Clair County probate court did not have the authority to grant Van Dali letters of administration for Jackie Ingram’s estate under any of the subsections of § 43-2-40. Subsection (1) provides that the probate court has the authority to issue letters of administration as to a decedent who resides in the county. Jackie Ingram clearly was not a resident of St. Clair County at the time of his death; therefore, the St. Clair County probate court does not derive the authority to issue letters of administration for Jackie Ingram’s estate from § 43-2-40(1).
 

 Subsections (2), (3), and (4) of § 43-2-40 address the issuance of letters of administration when the decedent is “not ... an inhabitant of the state.” Ala.Code 1975, § 43-2-40(2)-(4). At the time of his death, Jackie Ingram was a resident of Alabama; accordingly, the St. Clair County probate court does not derive the authority to issue letters of administration from § 43-2-40(2), (3), or (4), which are clearly inapplicable.
 

 Van Dali argues that the St. Clair County probate court derived its authority to issue letters of administration for Jackie Ingram’s estate from subsection (5) of § 43-2-410 because, according to Van Dali, Jackie Ingram left one asset in St. Clair County. Specifically, in his brief to this Court, Van Dali argues:
 

 “What asset did [Jackie] Ingram leave in St. Clair County one may ask. Alabama Code 1975[,] § 6-3-2[ (b) ](4)[,] deals with proceedings against individuals and states: ‘In the case of non-residents,
 
 *1197
 
 actions must be commenced in the County where the subject of the action or any portion of the same was when the claim arose or the act on which the action is founded was to be performed.’ In the present case, this is clearly St. Clair [Cjounty. Ingram was killed by acts of [Kesler] a non resident [sic] in St. Clair [Cjounty.
 

 “IV. WRONGFUL DEATH ASSET OF ESTATE
 

 “ ‘A cause of action for wrongful death which a personal representative is charged with enforcing is an asset requiring appointment of an Executor or Administrator of the person killed. Whether the proceeds of such an action go to particular person or persons is not material.’ [31]
 
 Am.Jur.
 
 2nd.
 
 [Executors and Administrators
 
 ] Section 108[,] Claim or right of action-wrongful death claim.
 

 “Considering this principal [sic] of law, [Van Dali] respectfully disagrees with [Rose Ingram’s] contention that the Decedent’s estate herein did not possess any assets in St. Clair [Cjounty and submits that it is flatly, incorrect. While it is correct that by statute, the proceeds of a wrongful death case in Alabama are not subject to the debts of the estate, it is clearly an asset thereof requiring distribution through an administrator. Ala.Code 1975, § 6-5-410(e).”
 

 Van Dali’s brief, at 19-20 (emphasis omitted).
 

 We need not address the merits of Van Dali’s contention that a wrongful-death cause of action is an asset Jackie Ingram “left” in St. Clair County for purposes of § 43-2-40(5). Pursuant to § 43-2-40(5), “administration may be granted in any county where the intestate leaves assets” only when “the intestate ... dies, leaving no assets subject to administration in the county of his residence.” According to the undisputed evidence, at the time of Jackie Ingram’s death, he indeed had assets, and those assets were located in Jefferson County, where he resided. Therefore, the St. Clair County probate court does not derive the authority to issue letters of administration from subsection (5) of § 43-2-40.
 

 Accordingly, the St. Clair County probate court did not have jurisdiction to issue letters of administration to Van Dali.
 
 See Meriwether,
 
 289 Ala. at 364, 267 So.2d at 436-37 (holding that a probate court’s subject-matter jurisdiction may be directly attacked when the probate court is not authorized to issue letters of administration because of the residency of the deceased). Because the St. Clair County probate court lacked jurisdiction to issue the letters of administration, the St. Clair Circuit Court, to which the administration of Jackie Ingram’s estate was removed, never acquired subject-matter jurisdiction, and any orders issued by it are void. Therefore, the April 12, 2010, order of the St. Clair Circuit Court appealed from, which denied Rose Ingram’s motion to revoke the letters of administration issued to Van Dali by the St. Clair County probate court, is due to be vacated and this case due to be dismissed, without prejudice, for lack of jurisdiction.
 
 Ex parte Alabama Dep’t of Human Res.,
 
 999 So.2d 891, 898 (Ala.2008) (“Our remedy ... when we find no subject-matter jurisdiction in the trial eourt[ ] is to dismiss the appeal and vacate the trial court’s judgment.”). Because the order appealed from is void, we also dismiss the appeal.
 

 ORDER VACATED; CASE DISMISSED; APPEAL DISMISSED.
 

 STUART, PARKER, SHAW, and WISE, JJ., concur.
 

 [1]
 

 . Throughout the record, the appellee’s name is alternately spelled "Van Dali,” "Vandall,” and "VanDall.” He is also sometimes referred to as "Edward” and "Ted.” In this opinion, we have chosen to use the spelling most often used by Van Dali himself, which is also the spelling reflected in the records of the Alabama State Bar.
 

 [2]
 

 . Throughout the record, this person’s name is spelled various ways, including "Kesler”, "Kessler,” and "Keesler.” It is not clear from the record which spelling is correct.
 

 [3]
 

 . Van Dali "asserts a dispute” as to whether Rose Ingram is in fact the widow of Jackie Ingram. In support of his assertion that a factual dispute as to this matter exists, Van Dali argues that “no date of marriage nor marriage certificate has been presented.” Van Dali’s brief, at 9. Despite the fact that the record does not reflect the date of the marriage and does not contain a marriage certificate, the record is replete with evidence indicating that Jackie and Rose Ingram were married to each other for at least 29 years until Jackie Ingram’s death. The record contains no evidence that contradicts the existence of the Ingrams’ marriage. Therefore, Van Dali’s "assertion of] a dispute” regarding the matter is unsubstantiated, and the existence of the Ingrams’ marriage is an undisputed fact in this case.
 
 Cf. Donald v. City Nat’l Bank of Dothan,
 
 295 Ala. 320, 323, 329
 
 *1193
 
 So.2d 92, 94 (1976) ("[T]he failure of the party opposing the [summary-judgment] motion to offer any affidavits or other testimony to contradict the evidence presented by the movant ... leaves the court no alternative but to consider that evidence uncontraverted.”).
 

 [4]
 

 . Hazelwood did not initiate her action against Jackie Ingram’s estate until December 3, 2009.
 

 [5]
 

 . When Funderburg wrote this letter, Hazel-wood’s complaint had not yet been filed.
 
 See
 
 supra note 4.