WISE, Justice.
The Walker County Commission and Commissioners Keith Davis, Bobby Nunnelly, Steven Aderhold, and Billy Luster, individually and in their official capacities (hereinafter referred to collectively as "the Commission"), the plaintiffs below, appeal from a judgment of the Walker Circuit Court in favor of David Kelly, individually and in his official capacity as chairman of the Walker County Civil Service Board, and board members Rufus Reed, Donald Baxter, Raymond Bennett, and Gary *633 Davis, individually (the chairman and the individual members are hereinafter referred to collectively as "the Board"), the defendants below. For the reasons discussed below, we dismiss the appeal.
Facts and Procedural History
Susan Russell was employed as a revenue auditor for Walker County. She was suspended and reprimanded, and she was terminated from her employment effective December 2, 2014. Russell appealed the suspension and termination to the Walker County Civil Service Board, which reversed the suspension and termination and ordered that she be reinstated to her position as a revenue auditor.[1]
On July 30, 2015, the Commission sued the Board in the Walker Circuit Court. In the "Facts" section of the complaint, it set forth facts purporting to establish that the Board had violated the Alabama Open Meetings Act, see Ala. Code 1975, § 36-25A-1 et seq., in its handling of Russell's appeal. At the conclusion of the "Facts" section, the Commission stated:
"11. By disregarding the requirements for proper notice of any meeting held by the Walker County Civil Service Board to discuss the merits of the Susan Russell case, the Walker County Civil Service Board violated the Alabama Open Meetings Act and thus any action taken by the Walker County Civil Service Board in its secret meeting is invalid and is due to be set aside pursuant to the applicable provisions of the Alabama Open Meetings Act.
"WHEREFORE, the [Commission] request[s] all relief to which [it is] entitled pursuant to the provisions of the Alabama Open Meetings Act, including but not limited to invalidating all actions and/or orders taken and/or entered by the Walker County Civil Service Board in violation of the Act."
The Commission also sought a permanent injunction, arguing that the Walker County Civil Service Board routinely issued orders regarding employee matters and had other "secret closed-door meetings," all allegedly in violation of the Alabama Open Meetings Act. In this section of its complaint, it requested that the circuit court:
"(A) ... [E]nter a permanent injunction prohibiting the [Board] from convening secret closed-door meetings and requiring that all deliberations must be had only after an appropriate meeting has first been convened in compliance with the Alabama Open Meetings Act;
"(B) ... [D]eclare that the Walker County Civil Service Board and its members are subject to the Alabama Open Meetings Act, Alabama Code 1975, Section 3[6]-25A-1 et seq.; [and]
"(C) ... [G]rant any additional relief to which the [Commission] may be entitled."
Finally, the Commission requested a declaratory judgment, asserting, in relevant part, as follows:
"18. Should this Honorable Court determine the Walker County Commission is not a proper party Plaintiff to this Complaint, then the Walker County Commission respectfully requests that it be made a necessary party Plaintiff pursuant to Rule 19 of the Alabama Rules of Civil Procedure and this Court declare that the Walker County Commission is a necessary party Plaintiff to this action.
*634 "19. In the alternative, the Walker County Commission respectfully requests this Honorable Court to declare Section [3]6-25A-9 of the Alabama Code, 1975 as amended, to be unconstitutional to the extent it restricts and prevents any person or entity who has been impacted by an alleged violation of the Open Meetings Act from commencing an action because the person or entity may not meet the definition of an entity or person otherwise allowed to bring an action pursuant to the Alabama Open Meetings Act. Any aggrieved individual or entity should be allowed to remedy the alleged violation and to prevent further alleged violations of the Alabama Open Meetings Act. The Walker County Commission further requests that the Attorney General for the State of Alabama be made a necessary party to this action for the purposes of declaring said Alabama Code Section unconstitutional and/or to pursue this matter."
On August 17, 2015, the Board filed an answer to the Commission's complaint. On that same date, it also filed a motion to dismiss the complaint, arguing that "the Plaintiffs are not property party Plaintiff[s] to bring this action; Section [3]6-25A-9 Code of Alabama."
On September 10, 2015, the Board filed an amended answer and a counterclaim seeking a declaratory judgment. It alleged that, "when acting in a quasi-judicial capacity in hearing, deliberating and deciding a contested case, [it is] not required to give notice of a meeting or convene an executive session." The Board requested that the circuit court
"enter an appropriate Order declaring all of the following:
"i. The actions of the Walker County Civil Service Board in the instant Susan Russell contested case have been lawful and proper;
"ii. The Walker County Civil Service Board is not required to give notice of a meeting or convene an executive session when acting in a quasi-judicial capacity hearing, deliberating and deciding a contested case."
On September 16, 2015, the Board filed a motion to dismiss the claims against the members in their individual capacities. On October 5, 2015, the Commission amended its complaint to clarify that the allegations against the members of the Board were made against them in their official capacities. On October 5, 2015, the Commission also filed an answer to the Board's counterclaim.
On November 6, 2015, the Board filed a second amended answer in which it reasserted its request for a declaratory judgment. It also added counterclaims seeking a writ of mandamus and alleging interference with contract. Finally, it sought fees under the Alabama Litigation Accountability Act. In its counterclaim seeking mandamus relief, the Board asserted that it had "a clear legal right to have the expenses of its legal counsel paid by Walker County pursuant to § 6, Alabama Act [No.] 200, [Ala. Acts 1969], as amended,"[2] and that Walker County had refused to pay those expenses. Therefore, it sought "a writ of [m]andamus directing the governing body of Walker County to promptly pay the expenses of its legal counsel as required by § 6, [Act No. 200, Ala. Acts 1969,] as amended." The Board also stated a counterclaim alleging interference with contract *635 against the commissioners in their individual capacities for allegedly interfering with the performance of the Board's contract with its legal counsel, and it requested fees under the Alabama Litigation Accountability Act. Finally, the Board requested that the court declare that "the actions of the Walker County Civil Service Board in the Susan Russell contested case have been lawful and proper."
On January 5, 2016, the Board filed a motion to dismiss the Commission's action for lack of jurisdiction pursuant to Rule 12(b)(1), Ala. R. Civ. P. Citing § 36-25A-9, Ala. Code 1975,[3] it argued that the Commission did not have standing to bring an action under the Alabama Open Meetings Act. Citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), and Ex parte Alabama Educational Television Commission, 151 So.3d 283 (Ala. 2013), the Board argued that the commissioners did not have standing to bring the action because they had not alleged or established that they had suffered any cognizable injury, had not asked for any form of redress, and had not demonstrated that the action would likely provide them redress for any injury.
On January 20, 2016, the Commission filed a response to the Board's motion to dismiss in which it argued that it did have standing to bring a claim under the Open Meetings Act. In the alternative, the Commission argued that, even if it did not have standing to bring a claim under the Open Meetings Act, it had also requested a declaratory judgment and injunctive relief. Specifically, it contended:
"There are Open Meetings Act claims in this case and those claims are the specific claims for relief regarding the Susan Russell hearing and the claims regarding the private meeting of the [Board] one hour prior to each of [its] public meetings. The Open Meetings Act claims are statutory claims and only concern specific past case violations of the Open Meetings Act such as the Susan Russell matter. See Section 36-25A-9(a) and (b). The declaratory judgment and injunctive claims based on the question of law as to whether the [Board's] method of meeting in the past and, as threatened in the future, is legal or illegal is not a claim for relief under the Open Meetings Act. In other words, the Walker County Commission, without its specific claims for relief under the Open Meetings Act involving the Susan Russell matter and the one hour meetings prior to each public meeting, has standing to bring its claim based on the general question of law for this Court to declare whether the method the [Walker County] Civil Service Board has met in the past and will continue to meet is lawful or unlawful, and if it is declared by this Court to be unlawful, to bring its claim to have the [Walker County] Civil Service Board begin conducting its contested case hearings, deliberations, decision making, and voting lawfully. Such a general request for declaratory and injunctive relief based upon a question of law is not the type of request for relief *636 brought under the Open Meetings Act for the standing clause of Section 36-25A-9(a) to be at issue."
On January 25, 2016, the Board filed a reply in support of its motion to dismiss, again arguing that the Commission did not have standing to bring a claim under the Open Meetings Act. It also argued that the Commission did not have standing to bring a declaratory-judgment claim, citing Ex parte Richardson, 957 So.2d 1119 (Ala. 2006). Within these arguments, it noted that it "has heard and decided employee appeals (i.e., contested cases) in the same manner for more than 47 years." The Board further argued that the Commission was barred from pursuing equitable relief because it allegedly has not acted in an equitable manner in this case and in other cases. Finally, it argued that the Commission had exercised its legal right to appeal the Board's decision regarding Susan Russell to the circuit court and that, pursuant to § 6-6-440, Ala. Code 1975, it could not simultaneously pursue this separate action against the Board.
On February 15, 2017, the circuit court entered an order that provided that the Commission did not have standing to raise a claim under the Open Meetings Act, that the Board is not required to comply with the Open Meetings Act when it is acting in a quasi-judicial capacity, and that the Commission would be required to pay the Board's attorney fees. On March 8, 2017, the Commission filed an objection to the portion of the circuit court's order that required it to pay the Board's attorney fees and to the amount requested by the attorneys. On March 17, 2017, the Commission filed a motion to alter, amend, or vacate the circuit court's order, which the circuit court denied on May 11, 2017.
On July 19, 2017, the Board filed a motion to stay any ruling on the amount of attorney fees to award, arguing that, because of the expected appeal, its attorney fees would continue to increase. On July 21, 2017, the circuit court granted the motion to stay. This appeal followed.
Discussion
In its brief to this Court, the Commission challenges the circuit court's findings that the Commission did not have standing to raise claims under the Open Meetings Act,[4] that the Board is not required to comply with the Open Meetings Act when it is acting in a quasi-judicial capacity, and that the Commission would be required to pay the Board's attorney fees. However, before we can reach the merits of the appeal, we must determine whether this appeal is properly before us.
In its complaint, after setting forth the facts upon which it based its claims under the Open Meetings Act, the Commission requested
"all relief to which [it is] entitled pursuant to the provisions of the Alabama Open Meetings Act, including but not limited to invalidating all actions and/or orders taken and/or entered by the Walker County Civil Service Board in violation of the [Alabama Open Meetings] Act."
The Commission also requested that the circuit court:
"(A) ... [E]nter a permanent injunction prohibiting the [Board] from *637 convening secret closed-door meetings and requiring that all deliberations must be had only after an appropriate meeting has first been convened in compliance with the Alabama Open Meetings Act;
"(B) ... [D]eclare that the Walker County Civil Service Board and its members are subject to the Alabama Open Meetings Act, Alabama Code 1975, Section 3[6]-25A-1 et seq.; [and]
"(C) ... [G]rant any additional relief to which the [Commission] may be entitled."
Although they are not all designated as such, the gist of each of the claims is a request for declaratory relief.
"It is the duty of an appellate court to consider lack of jurisdiction. Ex parte Smith, 438 So.2d 766, 768 (Ala. 1983).
" ' " '[J]usticiability is jurisdictional,' Ex parte State ex rel. James, 711 So.2d 952, 960 n. 2 (Ala. 1998) ; hence, if necessary, 'this Court is duty bound to notice ex mero motu the absence of subject matter jurisdiction.' " Baldwin County [v. Bay Minette], 854 So.2d [42] at 45 [ (Ala. 2003) ] (quoting Stamps [v. Jefferson County Bd. of Educ.], 642 So.2d [941] at 945 n. 2 [ (Ala. 1994) ] ). If we determine that a complaint fails to state a justiciable claim, we are obliged to conclude that the trial court lacked jurisdiction over that complaint; such a complaint therefore would not require the filing of a responsive pleading.'
" Bedsole v. Goodloe, 912 So.2d 508, 518 (Ala. 2005).
"The Declaratory Judgment Act, § 6-6-220 et seq., Ala. Code 1975, is not a vehicle for obtaining legal advice from the courts:
" 'The Declaratory Judgment Act, codified at §§ 6-6-220 through -232, Ala. Code 1975, "does not ' "empower courts to ... give advisory opinions, however convenient it might be to have these questions decided for the government of future cases." ' " Bruner v. Geneva County Forestry Dep't, 865 So.2d 1167, 1175 (Ala. 2003) (quoting Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala. 1994), quoting in turn Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963) ) (emphasis added in Stamps )....'
" Bedsole, 912 So.2d at 518."
Etowah Baptist Ass'n v. Entrekin, 45 So.3d 1266, 1274 (Ala. 2010). See also Ex parte Bridges, 925 So.2d 189, 192 (Ala. 2005).
In its complaint, the Commission made bare assertions that the Board has "secret closed-door meeting[s] at times other than [its] monthly publicly called meeting in order to discuss employee matters, and said meetings are in violation of the Alabama Open Meetings Act"; that the Board "routinely issues orders regarding employee matters without first having convened a meeting pursuant to the requirements of the Alabama Open Meetings Act"; and that "the employees of Walker County, Alabama[,] will suffer irreparable harm should the deliberations of the Walker County Civil Service Board be held in the darkness of secret closed meetings without requiring the Walker County Civil Service Board to first convene an open meeting as defined in the Alabama Open Meetings Act." However, on its face, the Commission's complaint does not allege any actual controversy between parties whose legal interests are adverse. Rather, it simply reflects the Commission's uncertainty concerning the proper interpretation of the Alabama Open Meetings Act. See Gulf Beach Hotel, Inc. v. State ex rel. Whetstone, 935 So.2d 1177 (Ala. 2006). On the other hand, in its answer, the Board raised *638 the affirmative defense of laches, arguing that the Commission had "had knowledge of [the Board's] procedure for hearing contested cases since 1969, [and had] consented and submitted to those procedures since 1969."
It appears that, after the contested Susan Russell case, the Commission filed this action seeking to get clarification, or an advisory opinion, as to whether the Board would be bound by the Open Meetings Act in the future. See Baldwin Cty. v. Bay Minette, 854 So.2d 42, 47 (Ala. 2003) ("Indeed, the County concedes that it began this action 'in an effort to get some clarification regarding the competing authorities in the area.' ... Thus, by its own admission, the County is seeking an 'advisory opinion' from this Court."). However, as this Court noted in Gulf Beach Hotel, 935 So.2d at 1183, "[w]hile it might be convenient for this Court to address the issues raised by [the Commission], this Court is not empowered by the Declaratory Judgment Act to give advisory opinions, and it will not do so."
"There must be a bona fide existing controversy of a justiciable character to confer upon the court jurisdiction to grant declaratory relief under the declaratory judgment statutes, and if there was no justiciable controversy existing when the suit was commenced the trial court had no jurisdiction. City of Mobile v. Scott, 278 Ala. 388, 178 So.2d 545 [ (1965) ] ; City of Mobile v. Jax Distributing Co., 267 Ala. 289, 101 So.2d 295 [ (1958) ]."
State ex rel. Baxley v. Johnson, 293 Ala. 69, 73, 300 So.2d 106, 110 (1974) (emphasis added). Because there was no justiciable controversy and the Commission sought only an advisory opinion in its complaint, the circuit court did not have subject-matter jurisdiction over this action. See Ingram v. Van Dall, 70 So.3d 1191 (Ala. 2011). " 'A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.' Vann v. Cook, 989 So.2d 556, 559 (Ala. Civ. App. 2008)." MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 394 (Ala. 2011). Accordingly, we dismiss this appeal with the instructions that the circuit court vacate its judgment and dismiss the case, without prejudice.
APPEAL DISMISSED WITH INSTRUCTIONS.
Stuart, C.J., and Bolin, Parker, Shaw, Main, and Bryan, JJ., concur.
Sellers, J., dissents.

The Commission appealed the Walker County Civil Service Board's decision to the circuit court, and the court affirmed the decision (case no. CV-15-900292). That judgment is pending on appeal to the Alabama Court of Civil Appeals, Walker County v. Russell (No. 2160751).

Section 6 of Act No. 200 provides, in relevant part:
"The [Walker County Civil Service Board] shall have power to appoint clerical assistants and engage legal counsel of its own choice, who shall be paid by the County."

Section 36-25A-9(a), Ala. Code 1975, provides, in relevant part:
"This chapter is designed and intended to hold members of governmental bodies, and the bodies themselves, accountable to the public for violations of this chapter. Therefore, enforcement of this chapter, except a violation of Section 36-25A-3(a)(1), may be sought by civil action brought in the county where the governmental body's primary office is located by any media organization, any Alabama citizen impacted by the alleged violation to an extent which is greater than the impact on the public at large, the Attorney General, or the district attorney for the circuit in which the governmental body is located ...."

When it was setting forth the facts upon which it based its claims under the Open Meetings Act, the Commission focused primarily on the procedure the Board followed in the Susan Russell case. However, that case has been separately appealed to the Alabama Court of Civil Appeals, and any requests for relief from any alleged violations of the Open Meetings Act in the Susan Russell case should be addressed in the appeal involving that case rather than in this appeal.